Pecos and Northern Texas Railway Company et al. v. Evans-Snider-Buel Company.

Decided February 17, 1906.

**1.—Shipment of Cattle—Shipping Contract—Waiver—Void.**

Where the evidence showed that a carrier was negligent in delaying to furnish cars for a shipment of cattle and there was no consideration for a waiver of a claim to damages for such delay, the waiver, embodied in the shipping contract executed after the damages had accrued, was void.

**2.—Same.**

Where reasonable and unreasonable requirements in a shipping contract are so interdependent that they are inseparable, the whole contract is void.

**3.—Testimony—Conclusion of Witness.**

The following testimony was properly excluded because a conclusion of the witness: Q. "State whether or not it is at all probable that any such claim would be made without the same coming to your knowledge?" Ans: "No, it couldn't, because all claims against the A. T. & S. F. for loss and damage to stock, pass through my hands."

**4.—Contract to Furnish Cars—Custom—Irrelevant Testimony.**

In a suit for damages for breach of contract to furnish cars, evidence of custom in the matter of furnishing cars was properly excluded as irrelevant and immaterial.

**5.—Reasonable Time—Question of Fact.**

Whether or not the cars contracted for were furnished within a reasonable time was a question of fact for the jury to be determined from all the evidence, and not a fact to be proved by the opinion of any witness.

**6.—Telegraphic Correspondence—Hearsay.**

The telegraphic correspondence between employes of the defendant company was hearsay. The facts should have been proven by the employes themselves.

**7.—Charge—Singling out Evidence.**

The court in its charge told the jury that in determining whether or not the cars were furnished in a reasonable time, they might consider the condition of the weather and the unusual rush of business, if any. Held, doubtful if the court was justified in singling out evidence and telling the jury to consider it.

**8.—Shipping Contract—Agreement to Feed and Water.**

The stipulation in a shipping contract that the company agrees to stop its cars at any of its stations for watering and feeding where it has facilities for so doing, when requested to do so in writing by the owner, must be construed with the proviso that the company will make known to the shipper in a reasonable way and time where such facilities are, to the end that he may make the request if he desires.

Appeal from the District Court of Potter County.    Tried below before Hon. Ira Webster.

*J. W. Terry* and *Madden & Trulove,* for appellants.—The evidence affirmatively shows, that the cattle were shipped under written contracts by which Penick & Arnold agreed, as a condition precedent to their right to recover, to file their claim in writing within ninety-one days, which they did not do; and, for this, verdict and judgment should have been for defendant. Rev. Stats., art. 3379; Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 111; Galveston, H. & S. A. Ry. Co. v. Thompson, 23 S. W. Rep., 932; Galveston, H. & S. A. Ry. Co. v. Williams, 25 S. W. Rep., 1020; Missouri, K. & T. Ry. Co. v. Carter, 9 Texas Civ. App., 682; Houston & T. C. Ry. Co. v. Davis, 11 Texas Civ. App., 28; St. Louis S. W. Ry. Co. v. Hays, 13 Texas Civ. App., 579; Missouri Pac. Ry. Co. v. Childers, 1 Texas Civ. App., 305; St. Louis & S. F. Ry. Co. v. Honea, 84 S. W. Rep., 267; St. Louis S. W. Ry. Co. v. Hays, 13 Texas Civ. App., 579.

All prior and contemporaneous verbal negotiations and transactions became and were merged in the written shipping contracts; and. Penick & Arnold, having the execution thereof in contemplation during such prior negotiations, waived all such prior rights as they may have had, if any, when they entered into such written contracts. Rev. Stats., art. 322; Arnold v. Jones, 26 Texas, 336; Wells, Fargo & Co. v. Fuller, 4 Texas Civ. App., 213; Schloss v. Atchison, T. & S. F. Ry. Co., 85 Texas, 602; Ft. Worth & D. C. Ry. Co. v. Wright, 24 Texas Civ. App., 291, 293.

*Mattock, Miller & Dycus,* for appellee.—On the proposition that the evidence shows a verbal agreement and breach thereof: Pecos & N. T. Ry. Co. v. Lovelady & Pyron, 87 S. W. Rep., 710.

On the proposition that the verdict was sustained by the failure to furnish cars within a reasonable time: Texas & P. Ry. Co. v. Crowley, 86 S. W. Rep., 342; Davis v. Texas & P. (Texas Sup.), 44 S. W. Rep., 822; International & G. N. v. True, 23 Texas Civ. App., 526; Pecos & N. T. v. Lovelady et al., 80 S. W. Rep., 867.

The provision that Penick & Arnold should file their written claim for damages within ninety-one days does not apply to the claim for damages sustained by them from the failure to furnish cars, before the written contract was entered into. Missouri, K. & T. Ry. Co. v. Graves, 16 S. W. Rep., 105; Missouri, K. & T. Ry. Co. v. Darlington, 40 S. W. Rep., 550; St. Louis, I. M. & S. Ry. Co. v. Laws, 57 S. W. Rep., 258; Gulf, C. & S. F. Ry. Co. v. McCarty, 82 Texas, 608; St. Louis S. W. v. Elgin Con. Co. (Ills.), 51 N. E. Rep., 910.

The rights of the shipper as to a breach of the prior verbal contract

were not merged in the written contract. Missouri, K. & T. Ry. Co. v. Darlington, 40 S. W. Rep., 550; Gulf, C. & S. F. Ry. Co. v. Trawick, 15 S. W. Rep., 568.

That blending of valid provisions with those that are void, renders all of them void. Gulf, C. & S. F. Ry. v. Hume, 87 Texas, 218.

The clause relating to presenting a claim can not be made intelligible except by reading into it that provision requiring the claim to be presented before the cattle were removed from the place of delivery. This provision has been held void repeatedly by our courts. Gulf, C. & S. F. Ry. v. Vaughan, 16 S. W. Rep., 775; Houston & T. C. v. Davis, 31 S. W. Rep., 308; Gulf, C. & S. F. Ry. v. Yates, 32 S. W. Rep., 355. Therefore, there is such blending as to render the whole paragraph relating to presenting the claim void because of such blending.

Where cattle are placed in the pens of the carrier for shipment at its invitation, and the carrier fails to promptly ship the cattle, it is the duty of the carrier to feed and water the cattle when it becomes necessary to do so. Ft. Worth & D. C. Ry. v. Daggett, 27 S. W. Rep., 187; Taylor B. & H. Ry. Co. v. Montgomery, 16 S. W. Rep., 178; International & G. N. Ry. v. Ritchie, 26 S. W. Rep., 841; Ft. Worth & D. C. v. Waggoner, 81 S. W. Rep., 1050.

The defendant was liable for all loss or damages resulting to the cattle as a breach of its duty to furnish cars, and this liability was not waived by the written contract. McNeil v. Galveston, H. & N. Ry., 86 S. W. Rep., 32; Missouri, K. &. T. v. Darlington, 40 S. W. Rep., 550; Missouri, K. & T. Ry. v. Graves, 16 S. W. Rep., 105.

The objection to the opinion of the witness Combes was properly sustained. Byrnes v. Morris, 53 Texas, 218; Ortiz v. Navarro, 30 S. W. Rep., 581; McFarlane v. Howell, 43 S. W. Rep., 315.

It was not competent to permit the witness Davis to give his opinion that the order of seven days given for the cars was short, and the court did not err in excluding it. Texas & P. Ry. Co. v. Powell, 79 S. W. Rep., 86; Texas & P. Ry. Co. v. Smith, 79 S. W. Rep., 615.

The telegrams passing between defendant's agent and its train dispatcher were hearsay and were in the nature of selfserving declarations of defendant's employes. Texas & P. v. Smith, 79 S. W., 615; Texas & P. v. Powell, 79 S. W., 86.

Whether or not there was a verbal contract to furnish cars on a certain day, there was sufficient evidence to go to the jury on that issue, and there was also testimony that the cars were not furnished within a reasonable time. Hence, the breach of this duty to furnish cars is not merged in the written contract subsequently made. International & G. N. Ry. v. True, 23 Texas Civ. App., 526; art. 4494 and 4496, Rev. Stats. of Texas; Taylor, B. & H. Ry. Co. v. Montgomery, 16 S. W. Rep., 178; Missouri, K. & T. Ry. Co. v. Darlington, 40. S W. Rep., 550; International & G. N. Ry. v. Ritchie, 26 S. W. Rep., 840.

An agreement to give notice of loss or damages sustained to the cattle in transit does not cover the item of depreciation in market value or price. Kramer v. Chicago, M. & St. Paul Ry. Co., 70 N. W. Rep., 119; Loeb v. Wabash Ry. Co., 85 S. W. Rep., 118.

SPEER, Associate Justice.—Evans-Snider-Buel Company, as assignee of Penick and Arnold sues the Pecos & Northern Texas Railway Company, the Southern Kansas Railway Company of Texas, and the Atchison, Topeka & Santa Fe Railway Company, and recovered judgment against the first and last named companies for damages growing out of the transportation of a shipment of cattle from Canyon City, Texas, to Kansas City, Missouri. The defendants against whom judgment was rendered below have appealed.

Briefly stated, our conclusions of fact are that there was sufficient evidence to show a verbal contract between Penick and Arnold and appellant Pecos & Northern Texas Railway Company, whereby the latter undertook to furnish to the former fifteen cars for the shipment of cattle in question at Canyon City on Sunday, November 16, 1902, and that from Sunday, November 9, the date on which such cars were ordered, to Sunday, November 16, was a reasonable time within which such cars could and should have been furnished, even in the absence of a contract to that effect. That appellant Pecos & Northern Texas Railway Company breached its contract to furnish cars on the 16th, and also was guilty of negligence in failing to furnish them by that time, and that as a proximate result of such breach of contract or negligence or both, Penick and Arnold sustained damages in the amount of the verdict and judgment against said company.

The eighth clause in the shipping contract entered into between the parties after the cattle were finally loaded and were ready for shipment, stipulates "that as a condition precedent to his (the shipper's) right to recover any damages for any loss or injury to his said stock and during the transportation thereof, . . . . the shipper or his agent in charge of the stock will give notice in writing of his claim therefor to some officer of the company, or to the nearest station agent, or if delivered to consignee at a point beyond the company's road, to the nearest station agent of the last carrier making such delivery, before such stock shall have been removed from the place of destination above mentioned, or from the place of delivery of the same to the consignee, and before such stock shall have been slaughtered or intermingled with other stock, and will not move such stock from said station or stock yards until the expiration of three hours after the giving of such notice; and failure to comply in every respect with the terms of this clause shall be a complete bar to any recovery of any and all such damages. The written notice herein provided for can not and shall not be waived by any person except a general officer of the company, and he only in writing. Nor shall any such damage be recoverable unless written claim therefor shall be presented to the company within ninety-one days after the same may have occurred." The parts and requirements specified in this section of the contract are so interdependent that they become inseparable, and as a whole are unreasonable and void. The undisputed evidence shows there was no consideration whatever for the stipulations in the written contract waiving damages that had already accrued to the cattle before such contract was signed. We conclude, also, that Penick and Arnold, by reason of appellant's negligence, were forced to hold over their cattle after their arrival at destination until November 21, the day on which they were sold. The

verdict of the jury importing a finding of negligent delay in route and the absence of contributory negligence upon the part of Penick and Arnold, is supported by the testimony and the judgment is in nowise excessive under the facts.

Appellants have unnecessarily encumbered the record with sixty-five assignments of error, thirty-five of which have been brought forward in their brief, and we will content ourselves with discussing only those assignments which are not disposed of in effect by our conclusions above noted. It is contemplated by the rules, and propriety would suggest, that those assignments most important in the determination of the case should be presented first, and if we were to assume that this rule had been complied with in the present case, we certainly would stop short of an examination of the many questions presented in appellant's brief. A critical examination discloses that the prolixity is brought about largely by unnecessary repetitions and splitting causes of complaint.

When the written assignment from Penick and Arnold to appellee was offered in evidence, the same was objected to by appellants because it was irrelevant and immaterial, indefinite, uncertain and did not identify the cause of action, and because no predicate had been laid to authorize its admission. The only objection which has the semblance of virtue in it is the last, and this has been held too indefinite to raise any question for the trial court to rule on. Bohanan v. Hans, 26 Texas, 445.

If our conclusions of fact above stated do not dispose of the alleged error of the court in admitting the testimony of the witness Arnold with reference to placing the cattle in the stock pens at the time he did, as complained of in appellant's fifth assignment of error, then such assignment is necessarily overruled upon seeing that at least a part of the testimony objected to, as shown by bill of exception No. 6, was admissible, and the court was right in overruling an objection to testimony as a whole, a part of which should be admitted. Jamison v. Dooley, 11 Texas Ct. Rep., 177. The same may be said of appellants' seventh assignment of error.

Counsel for appellants propounded to their witness Combs the following question: "State whether or not it is at all probable that any such claim would be made without the same coming to your knowledge?" To which he answered: "No, it couldn't, because all claims against the A. T. & S. F. for loss and damage to stock pass through my hands." This testimony was properly excluded upon appellee's objection that the same was a conclusion of the witness. The witness had already testified to facts within his knowledge which showed that if a claim for damages such as contemplated by the contract had been presented, the same would have passed through his hands.

The proposed testimony of the witness Kenyon with reference to transactions between himself and Davis, agent of appellant Pecos & Northern Texas Railway Company, showing the latter's custom in the matter of declining to contract to furnish cars, was clearly immaterial and irrelevant to any issue in this case and therefore properly rejected. So, also, the proposed testimony of the witness Davis to the effect that the time within which the cars were furnished was a reasonable

time, was properly excluded, because this was a conclusion for the jury to draw from all the facts and circumstances, and not a fact to be proved by any witness. The telegraphic correspondence between Davis and Winkler, the train dispatcher, was hearsay. If appellants desired to show what Winkler had done to facilitate the delivery of cars to fill this order, then his testimony should have been taken.

We think appellants have no just cause of complaint that the court instructed the jury that "in determining what would be a reasonable time in which to furnish cars you may take into consideration the condition of the weather and the unusual rush of business, if there was an unusual rush of business." Of course, testimony as to these things having been admitted, the jury were thereby authorized to take them into consideration, but it is very doubtful if a court is justified in singling out such evidence and telling the jury to consider it.

Appellant's special charges 2, 3 and 4, touching the subject of oral contract to furnish cars, were properly refused because argumentative in form and otherwise sufficiently embraced within the court's main charge. Their special charge 5, if given, would have required the jury to be governed by the terms of the written contract even though, as we have seen, some of their stipulations upon a material point were unreasonable and void.

There was nothing in the evidence calling for special charge No. 7, submitting to the jury whether or not Penick and Arnold had done all that was required of them or that was contemplated that they should do to prepare their cattle for shipment. The unobjectionable portions of this charge were also included in the court's main charge.

The stipulation in the shipping contract that the company agrees to stop its cars at any of its stations for watering and feeding where it has facilities for so doing, whenever requested to do so in writing by the owner, insofar as it places the initiative upon the company or the owner to have such stock unloaded for feed, water and rest, should be construed to mean that the company should make known to the shipper in a reasonable way and time where such facilities are to be had, to the end that he may unload his cattle at such places if he so desires. The very contract implies and observation teaches that railway companies have only a limited number of places on their lines where cattle may properly be unloaded for feed, water and rest and any other interpretation would not only be violative of the rule of construction that contracts prepared wholly by one of the parties should be construed most strongly against such party, but would besides be unreasonable.

We have attempted to dispose of every material issue raised on this appeal, but we have by no means discussed the numerous assignments presented. Finding no reversible error in the record we order that the judgment of the District Court be in all things affirmed.

*Affirmed.*

Writ of error granted, and judgment affirmed, 100 Texas, 190.