PECOS & NORTHERN TEXAS RAILWAY COMPANY v. EVANS-SNYDER-BUEL COMPANY.

No. 1577.   Decided November 14, 1906.

**1.—Carrier of Animals—Notice of Claim for Damages.**

A contract for transportation of cattle requiring the shipper to give notice within a named time of any claim for damages for "loss or injury to his stock during," etc., does not apply to a claim for loss by fall in the market incurred by delay in transportation.   (Pp. 191, 192.)

**2.—Assignment of Error—Refusal of New Trial.**

An assignment of error in refusing a motion for new trial, because the verdict was unsupported by the evidence, does not raise the question whether plaintiff was precluded from recovering the damages allowed by his failure to give notice thereof, as required by contract, where there was evidence of damages not within the operation of the provision for notice sufficient to support a recovery. (P. 191.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Potter County.

*J. W. Terry* and *Madden & Truelove,* for plaintiffs in error.

*Matlock, Miller & Dycus,* for defendants in error.

WILLIAMS, Associate Justice.—This writ of error was granted because we thought there was error in the holding of the Court of Civil Appeals that the clause in the shipping contract requiring ninety-one days' notice of the plaintiffs' claim for damages, as a condition precedent to the right to sue therefor, was so connected with certain illegal stipulations in the same contract as to render all of them void, but an examination of the record results in the conclusion that those of the assignments of error in the briefs filed in the Court of Civil Appeals which are renewed in the application for writ of error, so far as they relate to this question, do not make it decisive of the appeal. Those assignments are all based upon the refusal of the trial court to grant a new trial on the ground that the verdict was unsupported by evidence. The stipulation in question can not sustain so broad a position unless it be true that it necessarily defeats plaintiffs' entire claim for damages, or enough of it to render the verdict excessive. No other complaint is made of any ruling of the trial court concerning it, and, if the jury, before whom it was admitted in evidence, could have given it its full legal effect, and still have found the verdict they did consistently with the evidence, it can not be said that their finding is unsupported.

Briefly stated, the notice required was to be given of any claim for damages for "loss or injury to his said stock during transportation thereof, or at any place, or places, where the same may be loaded or unloaded, for any purpose, on the company's road, or previous to loading thereof for shipment."

The classes of damage submitted for investigation by the jury were three. 1. For depreciation in the condition of the cattle themselves, from being held at the point of shipment before the execution of the written contract, of which the stipulation is a part. 2. Additional injury resulting to the cattle from negligent delay in transportation. 3. Depreciation in the market value of the cattle on account of a decline in the market during the time lost in the delay in transportation.

From this statement it is evident that the third class is not covered by the stipulation, because such damages could not in any just sense be considered as embraced in the language, "loss or injury to his said stock." If it be conceded that both the other claims are within the terms employed, sufficient reason was set up by the pleading and evidence why it was not binding upon plaintiffs, at least as to the first, which reason is that the cause of action to recover it had accrued and was complete before the written contract for the transportation of the cattle was executed, and that there was no consideration for any provision in the writing affecting that cause of action. The jury might well have found this to be true if, indeed, consistently with the evidence, they could have found otherwise than that the portions of the written contract referred to were

without consideration. The claims for damages thus taken out of the operation of the provision in question were sufficient to sustain the verdict, and hence the complaint that it is unsupported can not be sustained.

The complaint that the evidence is insufficient to show an oral contract between the shippers and the Pecos & Northern Texas Railway Company, by which the latter agreed to furnish cars on a particular day, is also based only on assignments that the verdict is unsupported by evidence, which assignment would not be sustained if the fact were found to be as contended. The verdict might still be supported by the further fact, which was alleged, and to show which evidence was introduced, that the railroad company negligently failed to furnish the cars within a reasonable time. No other question requiring notice is presented by the application.

*Affirmed.*