KANSAS CITY, M. & O. RY. CO. OF TEXAS v. FLORENCE.

(Court of Civil Appeals of Texas. Ft. Worth. May 6, 1911.)

1. DAMAGES (§ 168*)— PERSONAL INJURY— PERMANENCY—EVIDENCE—SUFFICIENCY.

Testimony, by one suing for personal injury, that for about three days he had to lie down, and for about ten days could not walk without crutches, that he could not resume work for six weeks, and that after thirteen months his ankle was still swollen and caused him pain when he walked, presented an issue of permanent injury, and was properly admitted.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 480–486; Dec. Dig. § 168.*]

2. TRIAL (§ 82*)—OBJECTIONS TO EVIDENCE—SUFFICIENCY.

Objection to the introduction of a life insurance table as evidence, on the ground that no predicate has been laid to authorize it, is too general to be considered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 194–210; Dec. Dig. § 82.*]

3. CARRIERS (§ 381*)—ALIGHTING PASSENGERS —INJURY—NEGLIGENCE—EVIDENCE.

In an action for injury to a passenger wrongfully required to leave a train while it was in motion, testimony of the brakeman that he saw plaintiff leave the train, and did not tell him to stop, was admissible to show that negligence, in requiring plaintiff to leave the train, was the proximate cause of his injury.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 381.*]

4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF THE EVIDENCE.

In an action against a railway company for injury to a passenger compelled to alight while the train was in motion, an instruction that the jury should not consider that the trainmen did not tell him not to jump from the train, since recovery was not sought on the theory

---

that such acts were negligence, was properly refused as being on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–466; Dec. Dig. § 194.*]

5. DAMAGES (§ 216*)—INSTRUCTIONS—DOUBLE RECOVERY.

In a personal injury action, instructions that, on finding for plaintiff, he should be allowed such damages as will compensate him for any injuries received and for any loss of time and for any mental or physical pain suffered, and that, if his injuries are permanent and impair his future working capacity, "in addition to the above" he should be allowed such sum as will compensate him for any permanent injury, are erroneous as authorizing double recovery.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

6. DAMAGES (§ 216*) — INSTRUCTIONS — CONFUSING AND MISLEADING INSTRUCTIONS.

The instructions are also erroneous as tending to confuse and mislead.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

Appeal from Haskell County Court; Joe Irley, Judge.

Action by John Florence against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. G. McConnell and Gordon B. McGuire, for appellant. Helton & Murchison, for appellee.

DUNKLIN, J. John Florence instituted this suit against the Kansas City, Mexico & Orient Railway Company of Texas to recover damages for personal injuries sustained by him in alighting from the defendant's moving train, alleging that the injuries were the proximate result of the negligence of the defendant's conductor in refusing to transport the plaintiff on the train and in wrongfully requiring him to leave the train while it was in motion. Judgment was rendered in plaintiff's favor for $170, and the defendant has appealed.

[1] Plaintiff's father testified to the age of plaintiff's parents, and also the ages of plaintiff's grandparents at their death. C. J. Koonce testified for plaintiff that he was engaged in the life insurance business; that according to the life insurance table in his possession the life expectancy of a man of plaintiff's age was 39½ years. Appellant insists that all of this testimony was improperly admitted because immaterial and irrelevant to the issue of negligence pleaded, in that no proof had been offered tending to show that plaintiff's injuries were of a permanent character. Plaintiff testified: "For about three days I had to lie down, and for about ten days, I could not walk without the aid of crutches. I got up after ten days, but could not resume my work for some six weeks. The ankle is still swollen and pains me when I walk on it. This in-

jury occurred more than thirteen months ago." While no physician testified in the case, and no expert testimony was introduced to show that the injury was permanent, we think that the testimony of the plaintiff, himself, quoted above, presented the issue of a permanent injury, and therefore the evidence was properly admitted. G., C. & S. F. Ry. Co. v. Mangham, 95 Tex. 413, 67 S. W. 766.

[2] A further ground of objection to the introduction of the life insurance table was "that no predicate had been laid to authorize" it. This objection was too general to merit consideration; there being a failure to state in what respect a sufficient predicate was lacking.

[3, 4] W. S. Andrews, appellant's brakeman, testified on cross-examination: "I saw him (meaning appellee) when he got up and went out on the platform, and saw him get down on the steps, and saw him step off. I did not tell him to stop." Appellant requested the following instruction to the jury, which was refused: "You will not consider the fact that the conductor and brakeman on the train on which plaintiff attempted to take passage did not tell the plaintiff to stop and not jump from said train as acts of negligence, as no recovery is sought on the ground of these acts being negligent." Appellant insists that the court erred in refusing to give the requested instruction, basing that contention upon the fact that in plaintiff's petition there was no allegation of negligence on the part of the brakeman or any other employé upon defendant's train in failing to warn the plaintiff not to jump from the train when it was apparent that such was his intention. The testimony quoted was material to show that the negligence in requiring plaintiff to jump from the train while it was in motion was the proximate cause of the injury, as it clearly showed that the order given would be obeyed, and the instruction requested, being upon the weight of the evidence, was properly refused. Railway v. Bigham, 90 Tex. 227, 38 S. W. 162.

[5, 6] Upon the measure of damages the court charged the jury as follows: "In the event you find for plaintiff, you should allow him such damages as you believe from the evidence will compensate him for the injuries, if any, which he received, and for any loss of time from his work, which he may have suffered by reason of such injuries, if any, and for any mental or physical pain which plaintiff has suffered, if any, on that account. And, if you believe from the evidence that the injuries complained of by plaintiff (if any there were) are of a permanent nature and of such nature as to impair his capacity to perform manual labor in the future, then, in addition to the above, you should find for plaintiff in such sum as

will compensate him in your judgment for such permanent injuries (if there are any)."

Appellant insists that this charge was erroneous, in that it authorized a double recovery for the same injury, that it is confusing and misleading, and these assignments are sustained. Compensation for the injuries sustained would include every element of damages for which plaintiff could recover; and yet, from the language used in the instruction, the jury might be led to believe that loss of time from plaintiff's business and mental and physical pain suffered and permanent impairment of plaintiff's ability to perform manual labor in the future were separate and distinct elements of damage additional to full compensation for the injuries sustained. Of course, it would be proper for the court to instruct the jury that, in estimating the compensation to be allowed to the plaintiff for his injuries, they might take into consideration loss of time, mental and physical pain, and any permanent impairment of ability to labor in the future which plaintiff has suffered; but the charge as given was erroneous for the reasons noted above. Instructions very similar to the one quoted and not more objectionable were condemned in M., K. & T. Ry. v. Hannig, 91 Tex. 347, 43 S. W. 508; St. L. & S. W. Ry. Co. of Tex. v. Smith, 63 S. W. 1067; I. & G. N. Ry. v. Tisdale, 36 Tex. Civ. App. 174, 81 S. W. 347; and numerous other decisions in this state.

Appellant insists that there was no testimony to show that the injury of which plaintiff complains was caused by the fact that he jumped from the train while it was in motion, and that for that reason the judgment should be reversed and here rendered in appellant's favor. With this contention we cannot agree. While the plaintiff did not testify expressly that the motion of the train when he alighted therefrom caused his foot to strike the ground more violently than it would have done if the train had not been in motion, yet we think that, as matter of common knowledge, of which the jury was authorized to take cognizance, such may have been the result.

For the error committed in giving the instruction upon the measure of damages, the judgment is reversed, and the cause remanded.