## WESTERN UNION TELEGRAPH CO. v. POLICK et ux. (No. 10066.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 18, 1922. Rehearing Denied Jan. 6, 1923. Writ of Error Dismissed for Want of Jurisdiction Feb. 28, 1923.)

1. **Telegraphs and telephones ⬤⟹37(2)—Care required in delivering message stated.**

Where a telegram is addressed to one party 'n care of another, the duty of the telegraph company is not performed by search for the one to whose care it is sent, but efforts should be made to deliver to the party to whom addressed.

2. **Appeal and error ⬤⟹1048(3)—Interrogatory suggestive in form, if error, held harmless.**

In an action against a telegraph company for delay in delivering a message apprising the sendee that his child was very sick, an interrogatory stating the nature of the action and asking witness whether he was acquainted with plaintiffs in the suit, if suggestive or leading, *held* harmless; there being no controversy as to whether witness knew plaintiffs.

3. **Appeal and error ⬤⟹1050(1)—Admission of evidence, if erroneous, held cured by other evidence admitted without objection.**

In an action by a husband and wife against a telegraph company for delay in delivering a message sent by the wife to her husband to the effect that their child was very sick, wherein it appeared that, had the message been delivered, the husband could have come home before the child's death, evidence that the mental suffering of the wife was increased by her having no money, if erroneously admitted, was rendered harmless by admission, upon cross-examination and without objection on defendant's part, of evidence that she had no money with which to hire a service car to bring her husband to her.

4. **Trial ⬤⟹85—Evidence as to distress of mind held not erroneously admitted as against objection to testimony part of which was admissible.**

In an action by a husband and wife against a telegraph company for delay in delivering a message sent by the wife to her husband to the effect that their child was very sick, and that the husband should come at once, it was not error to admit evidence of the worry and distress of mind suffered by the wife on account of being deprived of her husband's assistance in looking after their children, where the only objection to the testimony was one made to that and also other testimony, some of which was admissible.

5. **Telegraphs and telephones ⬤⟹74(4) — Instruction on contributory negligence held sufficient.**

In an action by a husband and wife for delay in the delivery of a message that their child was very sick, and that the husband should come at once, an instruction that, if the wife could have communicated with her husband by telephone or messenger and notify the husband of the death of the child, or could have had the funeral postponed until his arrival, and that, if she failed to do so, such delay was contribu-

tory negligence increasing the injuries and damage, no allowance should be made for such increase, *held* sufficient as a submission of defendant's plea of contributory negligence, and justified refusal of a further charge upon such subject.

6. **Telegraphs and telephones ⬤⟹74(4) — Instruction on contributory negligence held unduly to restrict right of recovery.**

In an action by a husband and wife against a telegraph company for delay in delivering a message apprising plaintiff of the illness of his child, an instruction that, if the wife was guilty of contributory negligence in failing to send an automobile to bring her husband, she could not recover for mental suffering after the time the husband would have arrived after he had been thus sent for, *held* properly refused as unduly limiting the right of recovery, since, even if she had been guilty of contributory negligence in not sending a messenger, she would nevertheless have been entitled to recover for any mental suffering caused by defendant's negligent failure to deliver the message preventing the husband's return before he could have returned had a messenger been sent.

7. **Telegraphs and telephones ⬤⟹65(6)—Evidence as to notice of importance of message held admissible.**

In an action by a husband and wife against a telegraph company for delay in delivering the message, "Come at once baby is very low," evidence by the person sending the telegram that he told agent of the desire of the wife to have the message delivered promptly, and that the agent assured him the message would be transmitted at once, *held* not objectionable on the ground that there was no allegation that any such conversation took place; the nature of the message giving notice to the telegraph company of the importance of prompt transmission and delivery.

8. **Telegraphs and telephones ⬤⟹71—$1,250 to husband and wife for delay in delivering telegram child was ill held not excessive.**

$1,250 to a husband and wife jointly for negligent delay in transmitting and delivering a message to the husband that their child was very sick *held* not excessive; it appearing that the husband could have returned home before the death of the child if the message had been delivered without delay.

9. **Telegraphs and telephones ⬤⟹66(4)—Finding of gross negligence in failing to deliver message sustained.**

In an action by a husband and wife against a telegraph company for delay in delivering a message sent by the wife to her husband in another town, where the husband was employed as a carpenter, the message being addressed to him in care of carpenters' union, the business agent of which was well known in that town, and the husband being at work within 100 yards of the telegraph office, evidence *held* to sustain a finding that defendant was guilty of gross negligence in failing to make an effort to find the husband.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by John Polick and wife against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

McCartney, Foster & McGee, of Brownwood, for appellant.

A. L. Green and W. A. Shields, both of Breckenridge, for appellees.

BUCK, J. On October 8, 1921, John Polick and wife, Millie Polick, filed their first amended original petition in the district court of Stephens county against the Western Union Telegraph Company, hereinafter called company, seeking damages against said company for its alleged negligent failure to promptly deliver a telegram sent by Mrs. Polick from Ranger, Tex., where the Policks lived, to John Polick, at Breckenridge, where he was working as a carpenter, on July 23, 1920. The message was as follows:

"Ranger, Texas, July 23, 1920.
"John Polick, care Carpenter Union Breckenridge, Texas. Come at once baby is very low.
"Mrs. Polick."

Plaintiffs alleged that all of the charges required by the company to transmit and deliver the telegram were paid by Mrs. Polick's agent; that the plaintiff John Polick was affiliated with the Carpenters' Union at Breckenridge and well known to the officers thereof; and that the location of which and of the business manager thereof were both generally known in Breckenridge. They further alleged that their baby died during the early morning hours of July 24th, and that, had said message been delivered promptly and within reasonable time, John Polick could have and would have gotten home on the night of July 23d, which was Friday; that he did not receive the telegram until Monday, July 26th, when he called at the telegraph office and asked for it; that he went home, as was his custom on Saturday night, July 24th, reaching there some time after 10 o'clock, and was informed by his wife that their baby had died and was buried. The usual allegations with reference to the mental suffering on the part of both father and mother were made in the petition.

Defendant answered by a general demurrer, certain special exceptions, not necessary here to enumerate, and special denial of any negligence in failing to deliver said message to the plaintiff John Polick. It alleged that after it received the message at Breckenridge it made repeated efforts to find John Polick and deliver said message to him, but was unable to find him or make a delivery of the message after diligent efforts so to do. Certain special exceptions to portions of plaintiffs' petition will later be considered under a discussion of the assignments. Plaintiffs filed a replication and supplemental petition, specially denying certain allegations made in defendant's answer.

The cause was submitted to a jury under a general charge, and a verdict was returned for plaintiffs in the sum of $1,250, and a judgment in the same amount was rendered by the court. From this judgment the defendant has appealed.

During the trial the plaintiffs proved by R. L. Durden that he sent the telegram for Mrs. Polick from Ranger, and that he paid the charges asked for; that the company's agent at Ranger wrote the message at the request of witness, and that he told her that Mrs. Polick desired that the message be delivered promptly, and that the agent said that it would be transmitted at once, and witness could return in about an hour for the reply; that he did return to the telegraph office, but received no reply; that he returned later in the day, but received no reply at that time. He also inquired the next morning for an answer, but was told that none had been received.

Mrs. Polick testified that her baby was taken sick about 3 o'clock in the afternoon of July 23d; that she had had a little cold before that, but had not been seriously ill; that she tried to get her husband by telephone, but could not get him; that two telegrams were sent, and that she also tried to get some one to go through in a car after him, but that it had been raining at the time, and she could not get any one to make the trip; that she did not have any money to hire a service car to make the trip, but that she tried to get two of her neighbors to go, but they would not attempt to make the trip on account of bad roads; that she called a doctor in to treat the baby when it became seriously ill; that she had a twin to the one she lost, and had five children altogether; the baby died about 5 o'clock Saturday morning, July 24th; that she had the baby buried on Saturday, because Mr. Wells, the undertaker, told her that mortification had set in before the baby died, and that it would have to be buried that day; that she stayed up all night with the baby, and that two ladies, who were apparent strangers, stayed with her; that she suffered unknown agony from Friday night after the train came in from Breckenridge until her husband reached home Saturday night; that she was shocked, nervous and broken down; that, if her husband had been at home, he could have taken care of the other children, and after the baby's death could have looked after the funeral arrangements.

John Polick testified that he was a carpenter and lived at Ranger, but was working at Breckenridge; that he had been working there about a month; that when he went to Breckenridge he deposited his union card with the union officers there; that Pat Taylor was the business agent of the Carpenters' Union at Breckenridge and had an of-

fice there; that he was generally known at Breckenridge as business agent of the union; that plaintiff was acquainted with a good many carpenters in Breckenridge, probably 50 or 100, but was intimately acquainted with but a few; that he knew Pat Taylor well, and that Taylor had been in his room or tent where he slept several times, and that they ate at the same place; that on July 23d and 24th he was working on a building about 75 or 100 yards from the telegraph office; that some six or eight carpenters were working on the building at the time; that practically all of the carpenters working in Breckenridge at that time, and a great deal of building was going on, were union carpenters; that he attended the meetings of the union, which were held on Monday night, while he was in Breckenridge. He testified that the failure to be present during the last hours of his baby's life and at the funeral had caused him great mental anguish.

The defendant company introduced no testimony as to any efforts made to deliver the telegram to Polick. The record is absolutely silent upon this issue.

[1] In appellant's first, second, and third propositions it is urged that, since Polick testified that he was not at Carpenters' Hall on either July 23d or 24th, and would not have been there to receive the telegram had it been delivered there, the failure of the telegraph company to deliver the message to Carpenters' Hall was not the proximate cause of plaintiff's mental suffering, and that therefore there can be no recovery for such failure. In the first place, the telegram was not sent in care of Carpenters' Hall, but in care of Carpenters' Union. The delivery at the Carpenters' Union would probably require a delivery to some executive officer of the union, apparently in this case to the business agent thereof, Pat Taylor. But, where a telegram is addressed to one party in care of another, the duty of the telegraph company is not performed by search for the one to whose care it is sent. Effort should be made to deliver to the party to whom addressed. Western Union Tel. Co. v. Houghton, 82 Tex. 561, 17 S. W. 846, 15 L. R. A. 129, 27 Am. St. Rep. 918; Western Union Tel. Co. v. Mitchell, 91 Tex. 454, 44 S. W. 274, 40 L. R. A. 209, 66 Am. St. Rep. 906. In the last-cited case the Supreme Court said:

"The leading principle as to the delivery of a telegram is that the message is to be delivered to the person to whom it is addressed, and the place of address is subordinate to the person; and therefore, if the person cannot be found at the street and number or other place to which the telegram is addressed, but can be found by reasonable efforts of the telegraph company in some other place, it may be negligence for the company to leave the telegram at the place of address, without making further efforts to find the absent person and make personal delivery."

The first three propositions are overruled. Under its fourth and fifth propositions, the appellant urges error in the admission of certain interrogatories and answers in the deposition of R. L. Durden. Direct interrogatory No. 2 propounded to said witness was as follows:

"This is a suit by John Polick and wife against the Western Union Telegraph Company for damages alleged to have accrued by reason of defendant's failure to promptly transmit and deliver, or its failure to promptly deliver, a telegram from Mrs. Polick at Ranger, Tex., to John Polick at Breckenridge, Tex., on the 23d day of July, 1920, notifying John Polick of the illness of their baby. Are you acquainted with the plaintiffs in this suit, John Polick and his wife?"

Direct interrogatory No. 3 was as follows:

"Please state whether or not you filed any such message for Mrs. Polick with the Western Union Telegraph Company at Ranger, Tex., on or about the 23d day of July, 1920."

[2] It is urged that interrogatory No. 3 not only referred to, but necessarily embraced, the contents of interrogatory No. 2 in order to identify the message inquired about, and interrogatory No. 2 was leading and suggestive, and that it was error in the trial court to admit the same. Even if the preliminary statement contained in the first sentence of interrogatory No. 2 be subject to the object made, which some of us do not believe to be true, yet the question asked in interrogatory No 2, to wit, "Are you acquainted with the plaintiffs in said suit, John Polick and wife?" and the question propounded in interrogatory No. 3, do not appear to us to be responsive to any suggestive or leading character of the preliminary statement. There was no controversy as to whether the witness knew John Polick and his wife, or whether he sent the telegram in question. Therefore, if the statement above quoted be suggestive, it does not appear that the effect of the suggestiveness alleged operated upon the mind of the witness in the answer to the two questions propounded. Therefore propositions 4 and 5 are overruled.

[3] Propositions 6 to 11, inclusive, urge error in the admission of testimony of Mrs. Polick to the effect that, if her husband had been there after the death of her child and before its burial, he could have looked after the funeral arrangements, all of which caused her worry and distress of mind, and that she stayed up all night with her baby on the night of July 23d–24th, and that she had the assistance of only two ladies that were strangers to her, and that she expected her husband to assist her in these matters and take charge of them, and that she was just shocked, nervous, and broken down as a result of the failure of her husband to get home on the night of July 23d. If there be any error in admitting the testimony to the

effect that Mrs. Polick's suffering was increased by her having no money, such fact not being in contemplation of the defendant when the message involved in this suit was delivered to it for transmission, such error, if any, was rendered harmless by the admission in evidence, upon cross-examination and without objection on the part of the defendant, that she had no money with which to hire a service car. Southland Ins. Co. v. Hopkins (Tex. Civ. App.) 219 S. W. 254; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Pecos & N. T. Ry. Co. v. Evans-Snyder-Buel Co., 100 Tex. 190, 97 S. W. 466.

[4] We think the assignments directed to the admission of testimony concerning the worry and distress of mind suffered by Mrs. Polick on account of being deprived of her husband's assistance in looking after her children should be overruled. The only objection to this testimony that we find in the record is in defendant's bill of exception No. 4, in which objection was made to a lot of testimony, some of which undoubtedly was admissible. And the rule is that, where objection is made to testimony as a whole, and some of it is admissible and not subject to the objection, the overruling of the objection to the testimony as a whole does not constitute reversible error. Railway Co. v. Porterfield, 92 Tex. 442, 49 S. W. 361; Railway Co. v. Gallaher, 79 Tex. 689, 15 S. W. 694. Hence we overruled propositions 6 to 11, inclusive, and the assignments upon which they are based.

Defendant pleaded contributory negligence on the part of Mrs. Polick in failing to send a messenger to Breckenridge, distant some 30 miles from Ranger, to notify John Polick of the condition and death of his child. As before stated, Mrs. Polick testified that she tried to get two of her neighbors to go after Mr. Polick, but that on account of the conditions of the road they did not think they could make the trip, or at least would not do so. She testified that she was not financially able to hire a service car to make the trip. The court's charge on contributory negligence was as follows:

"If you believe from the evidence that a person of ordinary prudence, situated as the plaintiff Mrs. Millie Polick was at the time, could and would have communicated with her husband, John Polick, by telephone or, messenger, or could and would have sent a messenger from Ranger to Breckenridge and notified said John Polick of the death of said child, or could and would have had the funeral postponed until the arrival of John Polick, and if you further find that the said plaintiff Mrs. Millie Polick failed in one or more of these respects, and that such failure upon her part was contributory negligence, as that term has been defined, and that such contributory negligence, if any, increased the injuries and damage, if any, which the plaintiffs sustained, then you will allow the plaintiffs no sum for such increase of their injuries and damages which was brought about by such contributory negligence."

The appellant assigns error to the refusal of the court to submit a specially requested charge upon this issue, as follows:

"The plaintiff Millie Polick has testified that she made no effort to procure a service car to come to Breckenridge after her husband. Now, if you believe from the evidence that a person of ordinary prudence, situated as Mrs. Millie Polick was, after the failure of her husband to come home on the night of July 23, 1920, would have made an effort to procure a service car to come to Breckenridge for her husband, and you further believe from the evidence that, if she had made such effort, said service car would have come to Breckenridge and would have taken John Polick back to Ranger, then you are instructed that the plaintiff Millie Polick cannot recover on account of any mental suffering after the time John Polick would have arrived in Ranger, if he had thus been sent for."

[5, 6] We do not think that any error was committed by the trial court in the refusal of this charge. In the first place, the charge as given by the court, in our opinion, was a sufficient submission of the defendant's plea of contributory negligence, as supported by the testimony. In the second place, the charge submitted by the appellant instructs the jury that, if they find that Millie Polick was guilty of contributory negligence in this matter, she cannot recover on account of any mental suffering after the time John Polick would have arrived in Ranger, if he had thus been sent for. We think this an undue limitation on her right of recovery. If she was guilty of contributory negligence in not sending a messenger for her husband, even then she would have been entitled to recover for any mental suffering caused by the negligent failure of the telegraph company which prevented her husband's return home before he could have returned had a messenger been sent. If the mental suffering endured by Mrs. Polick after the time her husband would have returned home, had a special messenger been sent to Breckenridge, was occasioned by circumstances occurring before he would have thus returned home, and through the negligence of defendant, she would have been entitled to recover therefor. We think the charge as given was substantially correct, and that the charge submitted and refused unduly limited the recovery of Mrs. Polick for the mental suffering she is alleged to have endured.

[7] Objection is made to the question propounded to R. L. Durden and answer thereto. The question asked was:

"What did you say to the person with whom you left the message, and what did this person say to you?"

The witness answered:

"I told the agent the desire of Mrs. Polick, and she [the agent] assured me that it would be transmitted at once and I could return in

about an hour for reply, which I did, but received no reply."

[8, 9] The objection to this answer was that there was no allegation in the pleadings of plaintiff that any such conversation took place, or that defendant had any notice in regard to the message otherwise than as shown upon the face of said message. The record does not disclose what the witness meant by telling the agent "the desire of Mrs. Polick," but we suppose that it was the express desire to have the message sent and delivered promptly, and we think that the nature of the message sent gave notice to the telegraph company of the importance of a prompt transmission and delivery. We do not think that the verdict is excessive, or that any error was committed in awarding a judgment for $1,250 for the plaintiffs jointly. We think that the evidence would sustain a substantial recovery on the part of John Polick, and that no error was committed in awarding him damages. In so far as the record discloses, defendant was guilty of gross negligence in failing to make an effort to find John Polick at Breckenridge, and we cannot disturb the verdict on account of any alleged excessiveness.

All assignments of error are overruled, and the judgment is affirmed.