### BIBB et al. v. UNDERWOOD et al.
### No. 7562.

Court of Civil Appeals of Texas. Austin.
April 1, 1931.

Smith & Neill, of San Angelo, for appellants.

Upton & Upton, of San Angelo, for appellees.

BAUGH, J.

Suit by appellee Nora Bibb Underwood, joined by her husband, against appellants in trespass to try title to a one-sixth interest in 640 acres of land in Schleicher county. Trial was to the court, judgment for plaintiffs, and defendants have appealed.

W. T. Bibb was the common source of title. He died and was survived by six children, one of whom was Joseph W. Bibb, deceased, husband of Emma F. Bibb, and father of the other two appellants. Nora Bibb Underwood was another of said children, and acquired by quitclaim deed dated November 30, 1901, but not filed for record until September 19, 1929, all of the interest of her brother W. P. Bibb. She alleged in her petition that the said Joseph W. Bibb, joined by his wife, Emma F. Bibb, had conveyed in 1892 his one-sixth interest in said land by quitclaim deed to their brother, W. P. Bibb, through whom she acquired title, but that said deed was never recorded and had been lost.

■ The burden rested upon the plaintiff, appellee here, to establish her title by a preponderance of the evidence. An essential link in that title was the conveyance by Joseph W. Bibb and wife to W. P. Bibb, alleged to have been lost. The wife of Joseph W. Bibb denied that she had ever executed such deed. Appellant's first proposition, which we sustain, is that no sufficient predicate was laid for the admission of secondary evidence in parol of the execution and contents of the deed from Joseph W. Bibb to W. P. Bibb. This deed was alleged to have been executed and delivered in the spring of 1892. All of the parties appear to have lived continuously in the state of Missouri, and it was not shown who had been in possession of the premises nor who had paid the taxes on nor claimed the same. The plaintiff herself did not testify. All the evidence except the documentary evidence was by deposition. The only testimony as to any search for the lost deed was that of W. P. Bibb, grantee, that "that deed is not now in my possession but I did have such a deed. It is lost or misplaced. I have made a thorough search for it and have not been able to find it."

Obviously this statement was but a conclusion of the witness. He was not a party to the suit nor claimant of the land. He had conveyed his interest to the plaintiff 28 years before, and presumably delivered to her his title papers along with his own deed, including the unrecorded deed claimed to have been made to him by his brother, now deceased. It was her duty as plaintiff and claimant of the interest which would vest in the defendants, appellants here, if no such deed were in fact executed, before she could offer secondary evidence thereof, to show by competent testimony that diligent search had been made in such places as the deed would most likely be found, and inquiries made of those who would be the proper custodians of it. The efforts of the witness, the nature, character, extent, and places of such search and inquiry, were matters which should have been presented to the court, upon which to determine whether a diligent search had been made, and whether the requirements of the law imposed upon the admission of secondary evidence had been met.

■■ The presumption was that the alleged deed was in possession of the plaintiff, and not in that of W. P. Bibb, who conveyed the land to her. She is "presumed to have it in possession, and to have knowledge of its existence and preservation, or destruction if it is destroyed." Magee v. Merriman, 85 Tex. 108, 19 S. W. 1002, 1004. The showing required as a predicate for the admission of secondary evidence is stated in Vandergriff v. Piercy, 59 Tex. 372, as follows: "It must also be shown that there has been diligent search and inquiry made of the proper person, and in the proper places, for the lost deed. The loss of it must be proved, if possible, by the person in whose custody it was at the time of the loss, if such person be living, and if dead, application should be made to his representatives, and search made among the documents of the deceased. The declarations merely as to loss, of the person in whose custody it was at the time, will not do; such custodian must be produced or his absence satisfactorily accounted for."

To the same effect are the following cases: Bounds v. Little, 75 Tex. 316, 12 S. W. 1109; Hill v. Taylor, 77 Tex. 300, 14 S. W. 366; Trimble v. Edwards, 84 Tex. 500, 19 S. W. 772; Smith v. Cavitt, 20 Tex. Civ. App. 558, 50 S. W. 167.

The rule laid down in 10 R. C. L. § 76, p. 918, is: "The proponent must show that

he has in good faith exhausted, in a reasonable degree, all sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him. If any suspicion hangs over a lost instrument, or that it is designedly withheld, a rigid inquiry should be made into the reasons of its non-production."

As stated, Mrs. Emma F. Bibb, who was alleged to have joined her husband in the deed herein asserted against her, denied that she had ever executed such a deed and testified that, so far as she knew, her husband had not. The plaintiff did not testify. Though presumably the instrument in question was in her possession, no inquiry was shown to have ever been made of her as to its whereabouts. Nor was any effort shown to have been made to locate or examine the records of the notary named by the witness as having taken the acknowledgments of the grantors. Under the undisputed facts, therefore, and the rules above announced, we think plaintiff wholly failed to show diligence in searching for the instrument alleged to have been executed and lost, which would authorize the admission of secondary evidence of its execution, delivery, or contents, and that the trial court erred in considering such evidence. This requires a reversal of the case, and we pretermit a discussion of the sufficiency of the evidence, improperly admitted, to sustain the trial court's findings.

Judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.