## DABNEY v. KEENE et al.

### No. 4462.

Court of Civil Appeals of Texas. El Paso.

April 4, 1946.

Rehearing Denied May 2, 1946.

Maud Dabney was plaintiff and Mrs. Stella Keene and her two daughters, Katha Lea and Doris, were defendants. The property, involved was lots 9 and 10 in Block I, per map and plat of the original town of Sonora. The trial was before the court with a jury. On the verdict judgment was rendered in favor of defendants. Plaintiff, Mrs. Maud Dabney, perfected this appeal to the San Antonio Court of Civil Appeals, and the appeal has been transferred to this court by the Supreme Court. The parties, for convenience, will here be designated as they were in the trial court.

In reply to plaintiff's petition defendants plead not guilty, and improvements in good faith. It was stipulated in substance that plaintiff had good title to the property unless she had divested same by deed of a life estate to her son, Claude Keene, with the remainder over to the two daughters of Claude Keene and defendant Stella Keene. The two daughters were defendants here. Plaintiff introduced in evidence a deed to Claude Keene dated the 20th day of June, 1921, purporting to convey to him a life estate in the property with reversion to plaintiff or her estate. Claude Keene, the son of plaintiff, died in May, 1941.

Defendants relied upon a lost deed from plaintiff conveying a life estate to Claude Keene with the remainder to his daughters, Katha Lea and Doris, defendants in this suit. The verdict found the execution and delivery of such deed. There is no question presented as to the sufficiency of the evidence to support the verdict. Reversible error is asserted as to the admission of part of the testimony of defendant, Mrs. Keene, as to the existence and contents of the lost deed established by the verdict, and testimony as to statements by her deceased husband, Claude Keene, relative to the contents of said deed.

The objection overruled to Mrs. Keene's testimony as to the contents of the deed was that a proper predicate was not made for the introduction of secondary evidence. It is here asserted that the predicate was insufficient in that it failed

Scott Snodgrass, of San Angelo, for appellant.

L. W. Elliott, of Sonora, and Hart Johnson, of Fort Stockton, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the district court of Sutton County, in a trespass to try title case, wherein Mrs.

to show a sufficient, unsuccessful, diligent search for the deed. The objection made was lack of predicate, but it did not disclose wherein the predicate was insufficient. It was admitted by plaintiff that defendants Katha Lea and Doris Keene had never seen the deed, and had never had same in their possession. Mrs. Keene testified that the deed was shown to her by her husband, Claude Keene, in the early spring of 1927; that he handed it to her; that she read it and handed it back to him. She further testified that neither she nor her daughters now had possession of such deed; that she had made a search for same but had been unable to find it. She did not testify as to where and when she had made the search, nor as to the character thereof. It was in evidence that up to and during a part of 1928 Claude Keene conducted a garage in Sonora, but some time in 1928 his health failed and he rented the garage to another; that he kept his papers in the garage. His mother, the plaintiff, Mrs. Dabney, was frequently in and around the garage a short time before he ceased to operate same. After he ceased to operate the garage he was unable to work, and away from Sonora part of the time for treatment. In 1932 he was committed to the State Hospital at San Antonio, and there remained until his death in May 1941. The nature of his illness seems to have been mental, but to what extent, if any, his mental faculties were impaired does not appear from the evidence. It appears in 1937 there was occasion to inquire as to this deed. This was brought about in regard to a proposition to sell the property. The defendants Katha Lea and Doris Keene asked Mrs. Dabney to make them a deed to the property, which she declined to do. In the discussion something was said about Claude Keene having to act by authority of the court. Under the testimony, Claude Keene was the last one seen in the possession of the deed. He died in 1941, and of course it was impossible to make inquiry of him after that date. What became of his papers and effects after he closed the garage does not appear. It does not appear that there was administration of his estate. Claude Keene, of course, was the proper and probable custodian of the deed. It conferred upon him a life estate, and upon his minor daughters a vested remainder subject thereto. It does not appear, or in any event by very weak inference, that in 1937 he could not have given information as to where the deed might be found. As to whether or not any inquiry was ever made of him as to the whereabouts of the deed there is no evidence. The evidence is that he died in San Antonio. What disposition was made of his personal papers, if any he had, does not appear. In order to introduce secondary evidence of the contents of the deed, evidence of its loss or destruction must be introduced. A part of the evidence of loss is a reasonably diligent search therefor. 28 Tex.Jur. 398, Sec. 7.

It is true that the adequacy of the predicate for the admission of parol testimony is ordinarily for the trial judge. However, such judicial discretion is subject to review on appeal. McCormick & Ray, Evidence, Par. 716; Holley et al. v. Mucher et al., Tex.Civ.App., 165 S.W.2d 1015.

This deed was the highest and sole evidence of the act in law that vested the remainder in the defendants. In order that defendants recover it was necessary that existence, loss and contents be established. Before secondary evidence of its contents be admitted its existence and loss must be shown. In establishing the loss an unavailing, diligent search must be shown. Without such predicate proper objection being made thereto secondary evidence of the contents is not admissible. 28 Tex.Jur. 398, par. 7; Bibb et al. v. Underwood, Tex.Civ.App., 38 S.W.2d 384, and authorities there cited.

Appellant's objection was that secondary evidence was not admissible on account of lack of proper predicate. It failed to point out wherein the predicate was inadequate. An objection should not be general, but specific, it must be such as to be understood by the court, and such that it can be obviated by the opposing party, if possible, by other evidence. Objection to the evidence on the ground that proper predicate therefor has not been

laid is too general to warrant consideration without specification wherein the predicate is inadequate. 41 Tex.Jur. p. 193, Sec. 146; Bohanan v. Hans, 26 Tex. 445; Pecos & N. T. R. Co. v. Evans-Snider-Buel Co., 42 Tex.Civ.App. 60, 93 S.W. 1024, affirmed 100 Tex. 190, 97 S.W. 466; Kansas City M. & O. R. Co. v. Florence, Tex.Civ.App., 138 S.W. 430; Campbell v. Paschall, 132 Tex. 226, 229, 121 S.W.2d 593.

█ On the ground that the objection was too general the assignment is overruled.

█ Plaintiff's other points of error are grouped. The statement under the points of error shows that in the testimony objected to there was admissible testimony. It was certainly permissible for the witness to state where and when and by whom she had been shown the deed. A showing that the deed was in the possession of her husband, Claude Keene, would go to the issue of its delivery. It was certainly proper testimony for the witness to state that she heard her husband tell his mother a number of times that he would not move on the property unless she gave him a good deed. It is thought that had proper objection been made to that portion of the testimony wherein she testified her husband said, "It is not made like I want it, but at my death it will go to the children", it should have been excluded. However, there was an issue of the improvements in good faith on this property. It is agreed that the improvements made by the defendants about the year 1937 enhanced its value in the sum of $3000. We deem it unnecessary to decide whether or not had proper objection been urged this testimony should have been excluded. Where a motion to strike or objection is urged to testimony as a whole, a part of which is admissible, it is not error for the court to overrule the objection or the motion to strike. Houston v. Perry, 5 Tex. 462; Foley Bros. Dry Goods Co. v. Settegast, Tex.Civ.App., 133 S.W.2d 228, error refused. Authorities might be multiplied almost indefinitely sustaining the above proposition.

The finding of the jury is amply sustained by the evidence. There is no reversible error in the case, and the judgment of the trial court is therefore in all things affirmed.

## On Motion for Rehearing.

█ In the light of appellant's motion for a rehearing this entire case has been reviewed. Her bill of exceptions as embodied in the statement of facts fails, we think, to show clear-cut objection to Mrs. Keene's testimony as to the contents of the deed in question on the ground of an inadequate predicate.

Mrs. Keene was first asked if she or the other defendants had in their possession a deed executed by Mrs. Maude Dabney under date of about March or April, 1927, conveying Lots 9 and 10, Block "I," in the town of Sonora—"the property where you are now living"?

Her answer: "I do not have a deed."

Then she was asked if she and the other defendants had made a search for the deed. She answered: "We did."

Appellant interposed an objection after the answer because it was not plead. Asked if she had been able to find it she replied that she had not. The same objection was urged—i. e., lack of pleading. She was asked:

"Mrs. Keene, have you ever seen that deed?"

Her answer was: "I did."

Appellant's counsel then stated:

"We object to that as calling for a conclusion of the witness and no proper predicate laid nor showing to authorize proof of lost instrument. The question asked for a conclusion of the witness and that invades the province of the jury and of the court."

Appellant's counsel then stated:

"I will admit that neither of the other defendants has seen the deed or had it, but will not waive the objection as made."

The following question was propounded:

"On or about March or April, 1927, did your husband, who was then living, bring to you and show to you an instrument purporting to be signed by Mrs. Dabney?"

Her answer: "He did."

Whereupon counsel for appellant stated:

"The plaintiff objects to that because it is hearsay, ex parte, and for all the reasons made to the previous questions,"

which objection was overruled. Witness stated that she read the instrument. Counsel for appellant said:

"Note our same objections to all of this."

The witness was asked:

"What was it the instrument said?"

She answered:

"It was left to us as a home."

Counsel objected in the following words:

"We object to all of this."

There was no ruling on this objection and the witness answered further:

"And at his death it was to go to our children—Katha Lea and Doris."

She was asked:

"Was that instrument in form and language of a deed?"

This objection was urged:

"We object to that because it calls for her conclusion. She can state what she read."

This question was then propounded:

"Just state what that instrument said."

Counsel for appellant stated:

"We make the same objection to that."

The objection was overruled, and the witness answered as follows:

"It—of course, it was typewritten the way of a deed; a lot of legal terms in there, like the deed you read awhile ago— those legal terms, and states it is to be our home, and at his death it was to go to us— or our children, Katha Lea and Doris. It didn't mention me at all."

The last preceding objection of counsel was:

"We object to that because it calls for a conclusion. She can state what she read."

She further said:

"It said his children and named them— Katha Lea and Doris; it was signed by Mrs. Dabney, and mentioned Lots 9 and 10, Block 'I'. It mentioned those lots and home down there. I can't word it because I wouldn't remember."

To none of this testimony as to the contents of the deed was even the general objection urged that there was no adequate predicate laid for its admission. If the holding be error that a general objection was insufficient, the testimony as narrated above was admitted ,without objection as to adequate predicate. This it is thought would render the error, if such there was, harmless. In any event appellant's objections were insufficient to clearly point out to the trial court the objections urged. This verdict finds ample support in the evidence.

There is no reversible error shown, and the Motion for Rehearing is in all things overruled.