facts stated in the said petition are true and correct according to the information and belief of affiant." It is well settled in this state that a petition thus verified does not authorize the appointment of a receiver without a hearing. Alto Cotton Oil & Mfg. Co. v. Berryman (Tex. Civ. App.) 218 S. W. 513; Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544.

The judgment of the trial court appointing a receiver is reversed and the cause remanded.

## GOODSON et al. v. GILMER OIL & REFINING CO.

No. 4781.

Court of Civil Appeals of Texas. Texarkana.

Sept. 27, 1934.

Roy Starnes, of Gladewater, for appellants.

Milton Greer Mell and Gus Morris, both of Gilmer, for appellees.

SELLERS, Justice.

This appeal is from an interlocutory order appointing a receiver without notice made and entered by the district court of Upshur county, authorizing such receiver to take charge of and operate a certain refinery over which the litigation in the main suit is involved.

The petition for the receiver is signed by the attorney for the plaintiff and verified by him in the following language: "And the

## SHAW et al. v. MAIN.

No. 4297.

Court of Civil Appeals of Texas. Amarillo.

Nov. 12, 1934.

Rehearing Denied Nov. 26, 1934.

Schlofman & Merchant, of Dalhart, for appellant.

Harry Schultz, of Dalhart, for appellee.

HALL, Chief Justice.

This suit originated in the justice court of Dallam county. Appellee Main sued T. E. Horne, a convict in the penitentiary of Oklahoma, to recover an indebtedness in the sum of $100, and at the same time filed his affidavit and bond for writ of garnishment against the Midway Bank & Trust Company.

In due time the bank answered, admitting an indebtedness to Horne in the sum of $92.94, which had been deposited in said bank by him.

On the 29th day of August, 1932, plaintiff recovered a judgment against Horne in the sum of $92.92 and costs of suit. On the 24th day of March, 1933, appellant Shaw, an attorney residing in Oklahoma, filed his claimant's oath and bond for the trial of the right of property, setting up a claim to the funds impounded by the writ of garnishment. The writ was issued on the 3d day of December, 1932, and served the same day. The sheriff approved and accepted the claimant's bond in double the amount of the property and made his return, which recites that, the money in the sum of $92.94, not being in his possession, he was not able to deliver it to Shaw, but had notified the garnishee bank that the bond had been accepted.

The case was tried in the justice court, resulting in a judgment that Shaw take nothing as against the bank and decreeing a recovery in favor of Main against Shaw and the sureties on his claimant's bond in the sum of $9.29 damages and all costs of court. From this judgment Shaw appealed to the county court, where issues were made up under the direction of the court and where the case was submitted to a jury upon special issues; the first, being the only issue which was answered, is as follows: "Was the assignment, if any, from the defendant T. E. Horne to the claimant O. S. Shaw, of the funds deposited by T. E. Horne on Nov. 29, 1932, with the Midway Bank & Trust Company, actually made before the writ of garnish-

ment of Roy L. Main was served on said Bank?" This was answered in the negative.

Based upon the verdict, the court rendered judgment that Main recover the $92.92 of the bank, which sum was shown to have been deposited with the clerk. It was further decreed that he recover $9.29, being 10 per cent. damages, provided by R. S. art. 7417, and all costs of suit.

The appellee has filed a motion to strike out appellant's brief and dismiss the appeal because appellant's brief was not filed strictly in accordance with the statute.

It appears that appellee has had ample time since appellant's briefs were filed and has filed briefs in proper form with counter propositions. The motion is therefore overruled.

Appellee moves to dismiss the appeal because the amount involved was only $92.94.

Article 1819, R. C. S., as amended by the Acts of the 41st Leg., c. 33, p. 68 (Vernon's Ann. Civ. St. art. 1819), provides that the appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits of their respective districts of which the district courts and county courts have or assume jurisdiction, when the amount in controversy or the judgment rendered shall exceed $100, exclusive of interest and costs.

Article 7417 provides that, in all trials of right of property under the provisions of this title, if the claimant shall fail to establish his right to property, the court or justice trying the same shall give judgment against all the obligors in the claimant's bond for 10 per cent. damages on the value of the property.

In obedience to this article, the court rendered judgment against Shaw and the sureties upon the bond for $9.29 damages, and decreed a recovery by Main of the $92.94. Exclusive of interest and costs, the principal sum and the damages aggregating $102.23, being the amount in controversy, as stated in the judgment, this court has jurisdiction.

It appears from the record that the money, which is the subject-matter of this suit, was deposited in the bank by Horne; that he was tried and convicted in the district court of Oklahoma and sentenced to the penitentiary for five years; that appellant, Shaw, was his attorney; that before his conviction Horne gave Shaw a check for $100 and a written assignment of the fund he had in the bank. Shaw testified that, when he first visited Horne in jail, Horne agreed to give him this money and made a verbal as-

signment of it, but, after returning to his office, Shaw wrote out an assignment, making a carbon copy thereof at the time; that he sent the written assignment, together with the check which Horne had given him upon the bank, to his attorneys, Schlofman & Merchant, to be used in the trial of his case. In order to prove the loss of the original assignment, Art Schlofman, one of the attorneys for the appellant, Shaw, had his partner John H. Merchant sworn as a witness.

Merchant testified that a letter came to the firm of Schlofman & Merchant from appellant, Shaw, in which there was a check and an assignment both relating to the fund involved; that he opened the letter, read the assignment and check, but, when the case was tried in the justice court, they could not find the assignment, but found the check. When asked by his partner: "Do you know whether or not we made a search for the assignment?" he answered: "Yes, sir, you searched for it and I searched all the files and the safe and your desk and my desk. The instrument was lost and is now lost and will remain lost, I guess.

"Q. During that time was Reba Kennedy Brasier working for us? A. Yes.

"Q. Did she search for it? A. Yes, sir.

"Q. Has she been able to find it? A. No, sir."

The carbon copy of the assignment was then offered in evidence, and, upon objection that no proper predicate had been laid, it was excluded. This was error. It was shown that Reba Kennedy Brasier was present in the courtroom during the trial, and appellee insists that the predicate was incomplete without her testimony and that of Schlofman. We do not so understand the rule.

As stated in Vandergriff v. Piercy, 59 Tex 372: "It must also be shown that there has been diligent search and inquiry made of the proper person, and in the proper places, for the lost deed. The loss of it must be proved, if possible, by the person in whose custody it was at the time of the loss," etc.

We think the testimony was prima facie sufficient to lay a predicate for the admission of the carbon copy in evidence. Hassard v. May (Tex. Civ. App.) 152 S. W. 665; Bibb v. Underwood (Tex. Civ. App.) 38 S.W.(2d) 384; 28 Tex. Jur. 398, § 7, and authorities cited; 10 R. C. L. 917, § 76.

In view of another trial, it is proper for us to say that a sworn denial of the assignment under the statute was not required. It is unnecessary to consider the remaining assignments. Because the court excluded the secondary evidence of the written assignment, the judgment must be reversed and the cause remanded.