INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v
ISOM TISDALE.

Decided 'May 25, 1904.

**1.—Contributory Negligence.**

The question of negligence on the part of a section hand injured by collision of a train with a push car while he was endeavoring to remove it from the track held to be one of fact for the jury.

**2.—Evidence—Mortality Tables—Dangerous Calling.**

On the issue of damages from permanent disability by injuries to the person, mortality tables are admissible to show plaintiff's expectancy of life, though based on experience in ordinary avocations while that in which plaintiff was injured was extra hazardous.

**3.—Damages—Charge—Double Recovery.**

Charge on assessing damages for specific personal injuries and also for their permanent results held erroneous as allowing double recovery.

**4.—Charge—Issues Not Raised.**

A charge on the duty of the master to furnish the servant safe and appropriate tools and implements was improper where no such issue was presented by the pleading or evidence.

**5.—Contributory Negligence—Reliance on Foreman—Charge.**

Requested charges on the duty of a section hand removing a car from the track before an approaching train to exercise care to discover and avoid probable danger, and not trust his protection wholly to the foreman, which it is held error to refuse.

Appeal from the District Court of Hays. Tried below before Hon. L. W. Moore.

*S. R. Fisher, J. H. Tallichet,* and *N. A. Stedman,* for appellant.

*A. B. Storey* and *B. G. Neighbors,* for appellee.

EIDSON, Associate Justice.—This is a suit by the appellee against the appellant to recover damages for personal injuries alleged to have been sustained by him while in its service as a section hand, in a collision between a passenger train of appellant and a push car, which appellee and other members of a section gang were endeavoring to move from the track. Appellee alleged that the appellant and the foreman of the section gang were negligent in having the gang upon the track with the push car, without advising him, appellee, of the approach of the passenger train; and also that the agents and servants of appellant in charge of the passenger train were guilty of negligence in failing to signal its approach to the push car, and in negligently and carelessly running into the same, with knowledge or means of knowledge of the presence of the push car on the track, and of plaintiff by or near the same.

Appellant answered by general demurrer and special exceptions, a general denial and special answer interposing the defenses of contributory negligence and assumed risk.

The trial before court and jury resulted in a verdict and judgment for appellee for $4300, of which $100 was remitted by appellee.

Appellant's first assignment of error complains of the action of the court in not sustaining its motion made at the close of plaintiff's evidence to return a verdict for the defendant, upon the ground that it affirmatively appeared, from plaintiff's own testimony and from all the evidence adduced by him, on account of his own contributory negligence he was without right to recover.

Appellant's third assignment of error complains of the refusal of the court at its instance to specially instruct the jury to return a verdict in favor of the defendant. We overrule both of these assignments of error, because in our opinion the testimony was sufficient to authorize the court to submit the case to the jury.

In its second assignment of error appellant complains of the action of the court in permitting the witness R. B. Manlove to identify certain mortality tables, and to testify therefrom as to the expectancy of life of plaintiff, upon the ground that such mortality tables purported to give the expectancy of life of persons engaged in ordinary vocations, and not that of persons engaged in extra hazardous employments, such as section work on a railroad. This question has been decided adversely to appellant's contention by the courts of this State. Galveston H. & S. A. Ry. Co. v. Johnson, 24 Texas Civ. App., 180; Gulf C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413; San Antonio & A. P. Ry. Co. v. Englehorn, 24 Texas Civ. App., 324.

Appellant's eighth assignment of error complains of the charge of the court upon the measure of damages. That part of the charge of the court complained of is as follows: "If you find for plaintiff, then you will find from the evidence in his favor that sum of money which will be a fair and just compensation for injuries to his hearing, if any, injuries to his stomach or intestines, if any, causing rupture, if any, for his reasonable expenses of medicine, if any, and doctor's bills, if any, for loss of time, if any, pain and suffering, if any, not to exceed the amounts claimed for these several items up to this time. And if you further find from the evidence that these injuries, if any, are continuing and permanent, you will find that sum of money which if now paid would be a fair and just compensation therefor."

Appellant's contention is that this charge authorizes the recovery of double damages. We are inclined to think that that part of said charge which instructs the jury to find for plaintiff "that sum of money which will be a fair and just compensation for injuries to his hearing, if any, injuries to his stomach or intestines, if any, causing rupture, if any. * * * And if you further find from the evidence that these injuries, if any, are continuing and permanent, you will find that sum of money which if now paid would be a fair and just compensation therefor," is subject to the criticism of appellant; and hence should not have been given. St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064 to 1067, and authorities there cited.

Appellant's ninth assignment of error complains of the action of the court in giving special instruction number 1 asked by plaintiff, upon

the ground that there was neither pleading nor proof authorizing the charge in regard to the master's furnishing tools and appliances with which the servant is called upon to work, or in regard to the presumption which the servant is authorized to indulge that they are reasonably safe and appropriate; and that there is no claim that any of the tools, machinery or appliances with which the plaintiff was called upon to work were defective or unsafe, or that they had aught to do with causing or producing the injury complained of. We are of the opinion that no such issues were raised by the pleadings or evidence, and that it was not proper for the court to give this special instruction.

In its seventeenth and eighteenth assignments of error appellant complains of the refusal of the court to give to the jury its special instructions numbers 10 and 11, which are as follows:

"10. If from the evidence you believe that the plaintiff knew of the approach of the train and of the danger to which he was exposed at or near the push car, in time to have removed himself to a place of safety, and that he remained there until injured by the collision, and that such conduct on his part was negligence which concurred in or contributed to his hurts, if any, then you are instructed that reliance by him upon the foreman for protection, if from the evidence you believe he did so rely upon the foreman, will not relieve him from the consequences of his own acts, and you will accordingly return a verdict for the defendant."

"11. You are instructed that a member of a section gang rests under no duty or obligation, with knowledge of an impending danger, to continue in the dangerous situation in obedience to the order, direction or command of the foreman of the section gang; if, therefore, you believe from the evidence that the plaintiff knew of the approach of the train to the push car by or near which he was standing at said time, and the probability of a collision and the danger to which the same exposed him, and remained in his said position, relying upon the foreman to notify him when to leave the same, and you further believe that said conduct on his part was not such conduct as an ordinarily prudent person would have pursued under the same circumstances, and that but for such conduct he would have not have been hurt, then you will return a verdict for the defendant."

We are of opinion that it was error for the court not to give one of these special instructions; and as the eleventh is more full and specific, it would have been proper for the court to have given that. Houston E. & W. T. Ry. Co. v. Dewalt, 96 Texas, 121.

Appellant in its nineteenth assignment of error complains of the refusal of the court to give its special instruction number 12, which is as follows:

"If from the evidence you believe that, prior to the time when the collision complained of occurred, plaintiff had time, by the exercise of ordinary care and diligence, by the use of his senses of sight and hearing, to discover the approach of the passenger train towards

the push car, but failed to look and listen, or either, and such failure on his part was negligence, then you will return a verdict for defendant."

We are also of opinion that the court should have given this special instruction.

We have considered the other errors assigned by appellant, but are of opinion that they are not well taken, and therefore overrule them.

For the errors above indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*