WINTERS v. COWARD et al.   (No. 5432.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1915.)

1. VENDOR AND PURCHASER ⊙⇒108 — REMEDIES OF PURCHASER—RESCISSION.

One led into the purchase of land through the fraud and misrepresentation of the seller has a right to rescind the purchase, unless lost by laches or waiver on his part.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. ⊙⇒108.]

2. VENDOR AND PURCHASER ⊙⇒114 — REMEDIES OF PURCHASER—RESCISSION—WAIVER.

The purchaser of land in October, 1911, who gave his indorsed lien notes for the price, and who after he discovered that representations that the land was tillable, except a few acres, and that a well thereon furnished an inexhaustible supply of water, were false, grubbed a part of the land, repaired the house, and made improvements and paid interest on the notes in October, 1912, and made efforts to sell it, and for about three years treated the land as his own, waived his right to rescind, as a matter of law.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 202–204; Dec. Dig. ⊙⇒114.]

3. FRAUD ⊙⇒31—REMEDIES OF PURCHASER — ACTION FOR DAMAGES.

Where a vendee affirmed the contract of sale waiving the right to rescind, he did not lose his right to recover any damages arising from the vendor's misrepresentation and fraud.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 27; Dec. Dig. ⊙⇒31.]

---

Appeal from District Court, Frio County; J. F. Mullally, Judge.

Action by D. T. Winters against John R. Coward and others, in which C. A. Crouch intervened. Judgment in part for plaintiff and in part for defendants, and judgment for intervener against plaintiff and defendants, and defendants appeal. Reversed and remanded.

Mason Maney, of Pearsall, John T. Briscoe and Kercheville & Dewald, all of Devine, and Hertzberg, Barrett & Kercheville, of San Antonio, for appellants. John T. Bivens, of Pearsall, Jas. D. Crenshaw, of San Antonio, and Magus Smith, of Jourdanton, for appellee.

FLY, C. J. This is a suit instituted by appellant against John R. Coward and E. Howard, appellees, to recover the amount of six promissory notes, and to foreclose a lien on 600 acres of land in Frio county. C. A. Crouch intervened in the suit, claiming to own one of the promissory notes for $2,227, for which he prayed judgment and for foreclosure of the vendor's lien. Appellees set up fraud upon the part of appellant in his representations as to the quality of the land and as to the capacity of a certain well thereon, and prayed for a rescission of the sale of the land and in the alternative for $5,000 damages arising from the false and fraudulent representations of appellant. The court submitted the cause to the jury on the issue of rescission alone. The jury returned a verdict in favor of appellees, rescinding the sale and canceling the notes and for $150 for improvements, for $4,000 principal and $925 interest paid by them to appellant, in favor of the intervener against appellant and appellees for $2,227, and in favor of appellant against appellees for $900 for rents and $810 for personal property acquired by appellees. The judgment followed the verdict, and in addition foreclosed a lien on the land in favor of intervener. The appeal is perfected only in so far as appellees are concerned; all parties seemingly being satisfied with the judgment in favor of intervener.

The equitable remedy of rescission or cancellation is sought in this case to set aside a sale of land made by appellant to appellees and to cancel certain promissory notes given for part of the purchase money of the land. The remedy is sought on the ground of fraud and misrepresentation on the part of appellant as to the quality of the land and the capacity of a certain well thereon.

[1] If appellees were led into the purchase of the land through the fraud and misrepresentation of appellant, they could undoubtedly obtain relief through the remedy of rescission, unless they lost their right through laches or waiver on their part.

[2] The remedy of rescission and cancellation is no prime favorite of courts, and slight circumstances, tending to show a purpose or intent upon the part of the person seeking a rescission to waive such right, will prevent

the granting of the relief. The right of rescission is one that can be waived, and, when waived, the rights of the parties are placed upon a new basis. Scarborough v. Arrant, 25 Tex. 129; Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Kallison v. Poland, 167 S. W. 1104; Kempner v. Thresher Co., 118 S. W. 714; Trauzettel v. Kjellman, 163 S. W. 689.

The mere lapse of time goes far to establish a waiver of the right of rescission, and when taken with other circumstances, tending to show that the purchaser had, after the fraud was discovered, treated the property as his own, and had negotiations with the vendor in connection with other circumstances, would be conclusive. Crutchfield v. Stanfield, 2 Tex. Unrep. Cas. 480.

In the case of Shappirio v. Goldberg, 192 U. S. 232, 24 Sup. Ct. 259, 48 L. Ed. 419, a rescission was sought by the appellant on the ground of fraud and misrepresentation in regard to the quantity of land, and the Supreme Court of the United States held:

"It is well settled by repeated decisions of this court that, where a party desires to rescind upon the ground of misrepresentation or fraud, he must, upon the discovery of the fraud, announce his purpose and adhere to it. If he continues to treat the property as his own, the right of rescission is gone, and the party will be held bound by the contract. * * * In other words, when a party discovers that he has been deceived in a transaction of this character, he may resort to an action at law to recover damages, or he may have the transaction set aside in which he has been wronged by the rescission of the contract. If he choose the latter remedy, he must act promptly, 'announce his purpose and adhere to it,' and not by acts of ownership continue to assert right and title over the property as though it belonged to him."

See, to the same effect, Wells v. Houston, 23 Tex. Civ. App. 653, 57 S. W. 584; Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Luckenbach v. James, 166 S. W. 99.

This court, in Register Co. v. Berry, cited case, held:

"The rule is that a defrauded party must disaffirm the contract at the earliest practical time after the fraud is discovered, and that he must return or offer to return whatever he has received from the other party; and if he retains the article purchased, and continues to use it after discovery of the fraud that induced the purchase, he will be held to have waived the right to rescind the contract and to have acquiesced in it."

The right of rescission can be lost merely by unreasonable delay in instituting suit, after the discovery of the fraud, or it can be lost by exercising acts of ownership over the property, contracting with the vendor in regard to it, or in the use and occupation of it, after the fraud is known to exist. The lapse of time which might destroy the right of rescission may be less than that fixed by statutes of limitation. Mere delay, however, without any accompanying circumstances tending to show a waiver, would be a question of fact to be submitted to a jury. Railway v. Cade, 100 Tex. 37, 94 S. W. 219; Railway v. Jowers, 110 S. W. 946. But

where all the facts tend to show that a vendee has continued to use the property for a long while after discovery of the fraud, has made payments on the purchase money, and has made another contract with the vendor in connection with the property, a court has the authority to declare, as a matter of law, that the right of rescission has been waived. As said by this court, through Associate Justice Neill, in the case of Wells v. Houston, herein cited:

"It is well settled that a party having recognized a contract as existing, and having done something to carry it into effect, and to obtain or claim its benefits, and having thus taken his chances, cannot be suffered to repudiate the transaction, and allege its voidable nature."

That was said in approval of a charge to find against the party seeking a rescission if he had, after discovering the fraud, treated the property as his own. Speaking on this subject, in Luckenbach v. James, after a review of the facts, which are quite similar and in no respect stronger than in this case, Associate Justice Moursund, for this court, held:

"This appears to be a clear case of the defendant making an election not to repudiate the sale, as he dealt with the property as his own, after discovery of the fraud, if any fraud existed, and failed to promptly tender reconveyance and demand a rescission."

The answer in this case alleges the sale of the land and the execution by appellees of the notes on October 26, 1911; that all of the land was represented to be tillable, except about 20 acres; that a well on the land would furnish an inexhaustible supply of water; that these representations were false and were relied on by appellees. It further appears from the answer that appellees knew of the falsity of the statements in October, 1912, but paid the interest on account of some promise made to them by appellant, and further that the interest was not paid in October, 1913, because appellant had not fulfilled his verbal promises. The allegations were supported by the testimony of appellees. After discovery of the alleged fraud, appellees grubbed a portion of the land, repaired the house, and kept on with improvements until 1914, at least two years after the discovery of the fraud, and in 1914 appellee Coward told appellant that they intended to keep the land "until I got matters straightened out." He stated further:

"I claimed the land. I claim the land until he makes his contracts. If you had come and offered and said you have a valuable place here, I have got a man that will give you $40 an acre, I would have felt justified in selling and keeping the profit and paying Mr. Winters the balance. As to whether or not we tried to get a buyer for it so we could pay Mr. Winters off and have a balance coming to us, I would say we had conditionally sold 130 acres when this shortage trouble came up. * * * We was trying to sell off the east part of the unimproved part. That was in 1912. We got up the trade in 1912, but it was in 1913 before we agreed on the price."

Howard, the other appellee, testified that he knew the defects in the well before they

went on the place, and his testimony, as well as that of Coward, conclusively shows that there was never any intention evinced to rescind the land contract until this suit was instituted. For three years they treated the land as theirs, improving, using, and enjoying it. The whole trouble between the parties seemed to originate in regard to an alleged shortage of about 36 acres. The evidence of appellees totally fails to make out a case of rescission, but all of it tends to show that there was no intention or desire on the part of appellees to rescind. The evidence of appellant shows that appellees did not propose or intend a rescission. On the issue of rescission a verdict should have been instructed for appellant.

[3] By their acts, affirming the contract of sale and waiving a rescission, appellees did not lose the right to recover any damages that may have arisen from the fraud of appellant, if there was any fraud. As said by Bigelow in his work on Fraud, and approved in Grabenheimer v. Blum, 63 Tex. 369:

"The injured party may retain the benefits of the contract, confirm its validity, and still recover damages for the fraud by which he was induced to make it; or he may recoup any damages which he has sustained, if the opposite party sue him for money due on the contract, or for * * * failure to perform it."

Appellant has the right to recover his debt and have his lien foreclosed, but the amount of his judgment may be reduced by any damages that may be proved.

There is no complaint as to that part of the judgment as to the intervener, and it will not be disturbed; but the judgment as between appellant and appellees is reversed, and the cause remanded, with instructions that appellant be given judgment as prayed for by him, and that the case be tried on the question of damages alone, which, if any be shown, will be deducted from appellant's judgment.

Reversed and remanded.