**FORT WORTH & R. G. RY. CO. v. PICKENS.**

**No. 8968.**

Court of Civil Appeals of Texas. Austin.

June 11, 1941.

Rehearing Denied July 2, 1941.

253

E. G. Nahler and A. P. Stewart, both of St. Louis, Mo., Allen & Gambill, of Fort Worth, and J. Edward Johnson and Mc-Cartney & McCartney, all of Brownwood, for appellant.

Callaway & Callaway, of Brownwood, for appellee.

BLAIR, Justice.

Appellee, Alton Pickens, sued appellant, the Fort Worth and Rio Grande Railway Company, to recover damages for injuries received when a motor handcar on which he was riding collided with an automobile at a highway crossing. The jury trial on special issues resulted in a verdict and judgment for appellee for $1,800, and also for cancellation of a release of his claim, executed by appellee in consideration of the payment of $100 to him by appellant.

Appellant contends that if appellee ever had a cause of action for his injuries, it was settled and released in writing on April 10, 1937, in consideration of appellant's paying him $100; and that in consequence the judgment of the trial court should be reversed and judgment here rendered for it.

At the time of his injury appellee was employed by appellant as a section hand, a member of a section crew whose duty it was to inspect and repair appellant's tracks

and roadbed over its line of railway, including the place where the accident occurred. At the time of the accident appellee and the section crew had been on an inspection tour and were returning on a motor driven handcar, which was being operated at the time by the foreman of the section crew, and which collided at a public road crossing with an automobile driven by C. L. Allcorn; appellee being thrown from the handcar by the impact of the collision, sustaining the injuries complained of.

After the collision appellee was taken in the Allcorn automobile to the Medical Arts Hospital, where he was examined and treated by Dr. Allen, who told appellee to return the following day for further examination and treatment. Thereafter Dr. Allen engaged in a series of examinations and treatments of appellee, and in the course of time had him twice examined and treated at the Harris Clinic in Fort Worth by physicians and surgeons of that clinic. While still complaining of his injuries appellee executed the release in consideration of the payment of $100 to him by appellant, which release recited the full and complete settlement and compromise of the claim for damages arising out of the accident in suit.

Appellee also offered proof tending to show that he executed the release in reliance upon the representations of Dr. Allen that his injuries were not serious and that he would be completely recovered and ready to return to work within two or three weeks; and in reliance upon the doctor's representations that appellee should accept the sum offered him in compromise of his claim by the claim agent of appellant.

In answer to special issues submitted, the jury found: (1) That when Dr. Allen advised appellee that "in his opinion his injuries were slight and that he would soon recover," Dr. Allen "was acting with the intention to induce plaintiff (appellee) to settle with and release defendant (appellant)" from liability; (2) that "in treating and advising the plaintiff," Dr. Allen "was acting under the control and direction of the Fort Worth and Rio Grande Railway Company"; (3) that the advice and opinion of Dr. Allen that the injuries of appellee were slight and that he would soon recover were in fact untrue; and (4) that appellee relied and acted upon the advice and opinion of Dr. Allen in accepting the compromise and in executing the release in question.

Appellant contends that there was no evidence showing that in the examination and treatment of appellee Dr. Allen was the agent of appellant. Dr. Allen testified that he was a salaried employe of an organization called the Frisco Employes Hospital Association, which was maintained by funds collected from employes of the Frisco lines. Appellant railway company is a part of the Frisco lines or system. Dr. Allen further testified that he was not an employe of the Fort Worth and Rio Grande Railway Company, but that he was commonly known as the railroad doctor; that he did not know if the hospital association was a subsidiary of the railroad corporation, but that the reason for his treatment of appellee was because he worked for the appellant railway company. Other witnesses of appellant designated Dr. Allen as the "company physician," testifying that he had acted in that capacity for sometime. The jury found that Dr. Allen, "in treating and advising the plaintiff, Alton Pickens, was acting under the control and direction of the Fort Worth and Rio Grande Railway Company." The evidence detailed raised this jury question, and its answer to the special issue submitted is controlling. Missouri, K. & T. Ry. Co. v. Haven, Tex.Civ. App., 200 S.W. 1152, writ refused; Texas Midland Ry. Co. v. Wilson, Tex.Civ.App., 263 S.W. 1109, 1112.

Appellant further insists that the release is binding upon appellee despite the representations made by Dr. Allen in the premises, under the rule stated in the case of Texas Midland Ry. Co. v. Wilson, supra, wherein it was held that "representations by the releasee's physician as to future results of the injuries, such as the time necessary for or likelihood of recovery, if made in good faith, are mere expressions of opinion and not representations of past or present facts, and, though they prove not to be true, will not afford ground for avoiding a release."

We think the rule applicable here is that representations of an existing fact or condition by releasee's physician, which if relied upon by releasor to his injury, constitutes sufficient grounds for avoidance, if such representations are proved to be untrue in fact. St. Louis S. W. Ry. Co. v. Thomas, Tex.Civ.App., 244 S.W. 839; Alenkowsky v. Texas & N. O. Ry. Co., Tex.Civ.App., 188 S.W. 956; Houston &

T. C. Ry. Co. v. Brown, Tex.Civ.App., 69 S.W. 651. And while it is true that an estimate of the time required for recovery of an injury may be properly considered a matter of opinion, representations of the physician who has examined the injuries of a person as to the nature and extent of then existing injuries are treated as representations as to existing facts, though they may be coupled with expressions of opinion as to the length of time which may be required for recovery from the injuries. El Paso Elec. Ry. Co. v. Cowan, Tex.Civ.App., 248 S.W. 442; Cowan v. El Paso Electric R. Co., Tex.Com.App., 271 S.W. 79; Traders & Gen. Ins. Co. v. Cole, Tex. Civ.App., 108 S.W.2d 864; El Paso & S. W. Co. v. Kramer, Tex.Civ.App., 141 S.W. 122; 36 Tex.Jur., 809, 810; and Gulf, C. & S. F. R. Co. v. Huyett, 99 Tex. 630, 92 S.W. 454, 5 L.R.A.,N.S., 669. And cases seem to hold that where representations are made by the releasee's physician concerning the nature, extent or degree of existing injuries for the purpose of inducing the injured party to settle his claim against the principal, the injured person may avoid the release, if he relied upon such representations and if they in fact proved to be false; and the fact that the representations were innocently made is no barrier to avoidance of the release. See also Missouri, K. & T. Ry. Co. v. Maples, Tex.Civ.App., 162 S.W. 426; Missouri, K. & T. Ry. Co. v. Reno, Tex.Civ.App., 146 S.W. 207, writ refused; Gulf, C. & S. F. Ry. Co. v. Huyett, 49 Tex.Civ.App. 395, 108 S.W. 502, writ dismissed; Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1.

■ It is not contended in the instant case that the representations made by Dr. Allen were intentionally untrue, and insofar as representations as to the time which would be required for recovery are involved, the rule announced in Texas Midland Ry. Co. v. Wilson, supra, would be applicable. However, there is testimony in the instant case which we believe raised a jury question as to whether the representations were made by the doctor concerning the extent or degree of existing injuries. The wife of appellee testified that after the claim agent had conferred with appellee regarding settlement of his claim against the company, appellee told the claim agent that he wanted to talk with Dr. Allen and take another examination and see what Dr. Allen said before he made up his mind. Appellee did go talk with Dr. Allen, who told him he would be all right and told him he would be able to work in two or three weeks; and advised appellee to take the $50 offered him by the claim agent in settlement of his injuries. Appellee testified that the doctor told him he could go back to work, and that he could see no reason why he was not well. Appellee also offered in evidence two certificates executed by Dr. Allen, discharging him as being well and able to resume work. The contentions of appellant that there was no jury question raised, and that under the undisputed evidence there was not sufficient ground upon which to set aside the release, are overruled.

■ The next contention of appellant is that this action is governed by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and that as a matter of law appellee assumed the risk giving rise to the injuries of which he complains, and that therefore he was not entitled to recovery. We regard the evidence as being uncontroverted on the issue of the applicability of the Federal Act. The evidence showed that the termini of the lines of the Fort Worth and Rio Grande Railway Company were located within the boundaries of Texas, but that its lines were engaged in the transportation of freight under contracts of through billing to points outside of the State, and over the segment of line on which appellee was working at the time of his injury; and that freight from out of the State destined to points within the State was carried over its lines, and that similarly appellant carried on interstate passenger traffic over the segment of the line in question. Under such facts, appellant was engaged in interstate commerce over the part of its line involved in this case. Coil v. Payne, Agent, 114 Kan. 636, 220 P. 172; Higginbotham v. Public Belt R. R. Comm., La.App., 181 So. 65; Cott v. Erie Ry. Co., 231 N.Y. 67, 131 N.E. 737; Spaw v. Kansas City Terminal Ry. Co., 198 Mo.App. 552, 201 S.W. 927. It is settled that a workman engaged as appellee was at the time of his injury in inspecting and repairing roadbeds and tracks on a railroad engaged in interstate commerce is a servant employed in interstate commerce within the contemplation of the Act. Galveston, H. & S. A. Ry. Co. v. Contois, Tex. Com.App., 288 S.W. 154; Pisano v. Texas & N. O. Ry. Co., Tex.Civ.App., 112 S.W. 2d 316, error dismissed. And since the

instant case comes within the Federal Act, the rights and liabilities of the parties involved are governed by such Act, and the federal decisions relating thereto are applicable. The doctrine of assumed risk as found in the federal decisions is available as a defense in actions ruled by the Federal Act. Chicago, R. I. & G. Ry. Co. v. De Bord, 109 Tex. 20, 192 S.W. 767; Pisano v. Texas & N. O. Ry. Co., supra; Pryor v. William, 254 U.S. 43, 41 S.Ct. 36, 65 L.Ed. 120.

■ We overrule appellant's contention, however, that as a matter of law appellee assumed the risk incident to the operation of the handcar in the manner in which it was operated immediately prior to the collision, because the appellee admitted that he saw the automobile approaching when it was 150 yards from the crossing; admitted that it was not the custom of the foreman to stop at crossings, and that he gave no alarm of the approach of the automobile, nor that the brakes on the handcar had not been applied. The injuries received were the result of the alleged negligent operation of the handcar by the foreman. Appellee was in no position to choose as to the manner in which the handcar was operated. The foreman, not the appellee, had charge of the car and determined the method; and appellee as a subordinate employe, under the charge of the foreman and under his direction, had no choice nor authority to determine how the car should be operated, and he cannot logically and rightfully be charged with making decisions as to the manner of the operation of the handcar. Wichita Falls & N. W. Ry. Co. v. Davern, 74 Okl. 151, 177 P. 909; Chicago, M. & St. Paul Ry. Co. v. Ross, 112 U.S. 377, 5 S.Ct. 184, 28 L.Ed. 787.

We hold that there was an issue of fact as to whether appellee assumed the risk from which the injuries in the instant case resulted. Issues of assumed risk were submitted to the jury in a somewhat confused manner. But appellant requested the submission of certain issues of assumed risk and we are of the view that appropriate issues of assumed risk should be submitted on another trial. This discussion relates solely to the question of assumed risk and does not relate to the question of contributory negligence on the part of appellee in not warning the operator of the handcar of the approach of the automobile within time for the operator of the handcar to bring it to a stop before it collided with the automobile; which question will be later discussed in this opinion.

■ Appellant complains that the charge of the court failed to instruct the jury that the causal connection must not be broken by any new and independent cause, and failed to define "new and independent cause." We do not regard the evidence as raising the issue of new and independent cause in the instant case, and in consequence the charge was not erroneous in failing to define "new and independent cause," nor in failing to include in the definition of "proximate cause" a definition of "new and independent cause." Young v. Massey, 128 Tex. 638, 101 S.W.2d 809; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Restatement of Torts, § 449, p. 1202.

In the instant case appellee alleged the negligent acts of the appellant to be (1) approaching the public road crossing at an excessive rate of speed on the handcar, considering the icy condition of the rails on which the handcar was operating; (2) failure to keep a proper lookout for vehicles using the crossing; and (3) failure to bring the handcar to a stop before proceeding over the crossing. The hazard which made such acts on the part of appellant negligence was the likelihood of a collision with some other person or vehicle using the public road crossing. This hazard existed and continued to exist as the appellant's foreman drove the handcar towards the crossing, and concurring with the action of the driver of the automobile in driving it upon the crossing caused the collision in which appellee was injured. Whether or not the driver of the automobile was negligent is not material, for if the injuries to appellee were caused by the concurring negligence of appellant and the driver of the automobile, the appellant is liable to the same extent as though it had been caused by its negligence alone. Miller v. Union Pac. Ry. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; Texas Power & Light Co. v. Culwell, Tex.Com.App., 34 S.W.2d 820; Reeves v. Tittle, Tex.Civ. App., 129 S.W.2d 364.

An entirely similar case is that of Johnson v. Smither, 116 S.W.2d 812, 815, error dismissed, wherein appellant complained of the failure of the trial court to incorporate the concept of new and independent cause in its definition of proximate cause, and also the failure of the trial court to define the term "new and independent

cause." In that case the appellee was riding in an automobile and was injured when it collided with a truck owned and operated by a third party who was made a party defendant to the suit. In rejecting the claimed error, the court held: "The situation is not one in which the defendant found guilty of negligence in bringing about the collision between the automobile and the truck was confronted with the presence of some other vehicle or object that appeared on the scene and exerted its influence upon the driver of the automobile or upon the driver of the truck, or upon both, as an independent agency affecting the conduct of one or both such persons. The conduct or negligent acts of the operators of the automobile and the truck which collided are only involved here. We overrule the contention."

The instant case is not ruled by the decisions in cases where the evidence shows the presence of other vehicles or objects that appear on the scene and exert influence upon the drivers of two colliding cars or vehicles, as an independent agency affecting one or both of such persons, and which give rise to a question of new and independent cause. For such cases see Orange & N. W. R. Co. v. Harris et al., 127 Tex. 13, 89 S.W.2d 973, 975; Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326; Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956.

Since the collision in the instant case occurred in approximately the manner and from the hazards which should reasonably have been foreseen as a consequence of the negligent act of appellant or its agent in operating the handcar under the conditions alleged, we are of the view that the trial court did not err in refusing to incorporate the concept of new and independent cause in its definition of the term "proximate cause"; and in consequence further hold that it did not err in failing to define the term "new and independent cause."

Appellant complains of the refusal of the trial court to submit the issue of whether or not the driving of the automobile by Allcorn on to the track in front of the approaching motor car was the sole proximate cause of the collision. We are of the view that the trial court erred in not submitting this issue to the jury. The testimony introduced by both appellant and appellee disclosed that the rails upon which the handcar was operated at the time were covered with ice; that rain was falling and freezing as it fell. The foreman of the section crew, who was operating the handcar, testified that he was driving same at a speed of 15 to 20 miles per hour when he first saw the automobile, which at that time was some four of five hundred feet from the railroad crossing; that he immediately cut the power off and set the brakes on the handcar, locking all four wheels; that the car kept skidding on the ice along the rails, and that he did "everything that he could to stop that motor car before it reached the crossing." If the jury should have believed this evidence, it could have found that the appellant was not guilty of negligence, and the collision was solely and proximately caused by the action of the driver of the automobile. New Nueces Hotel Co. v. Sorenson, 124 Tex. 175, 76 S.W.2d 488; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W. 2d 276; Dixie Motor Coach Corp. v. Galvan, 126 Tex. 109, 86 S.W.2d 633.

It also seems to be the rule in this connection that one person may not be held liable for damages caused solely by the act of another over whom he has no control; and it is held that an independent act of a third party may, but does not necessarily have to be negligence in order to be the sole cause of an injury and therefore constitute a defense in cases of this sort. Wichita Valley Ry. Co. v. Minor, Tex.Civ.App., 100 S.W.2d 1071; Dallas Ry. & Terminal Co. v. Stewart, Tex. Civ.App., 128 S.W.2d 443; Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984.

In view of these decisions, we think the action of the trial court in refusing to submit the issue of sole proximate cause error. The court should have submitted this issue and should have instructed the jury that there can be but one sole proximate cause of an injury.

Appellant timely requested the submission of the issue of unavoidable accident, which the trial court refused to give. We think the testimony of the foreman, which is stated in the last preceding question, who was operating the handcar, unquestionably raised the issue of unavoidable accident, and that the trial court erred in refusing to submit the issue to the jury. Gulf, C. & S. F. Ry. Co. v. Irick, Tex.Civ.App., 116 S.W.2d 1099; Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519;

Winn v. Taylor, 111 S.W.2d 1149, 1150, wherein this court held as follows: "Under the facts stated and the physical conditions present at the point of collision the jury could have found that appellant was not guilty of negligence, and the issue of unavoidable accident is sufficiently raised by the evidence if the jury can find from it that the defendant is not guilty of negligence. A jury issue as to unavoidable accident is raised in automobile collision cases if the evidence shows wet pavement, skidding, existence of an obstacle that might obstruct the view, or some cause other than the negligence of one of the parties. Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513; Mays v. Smith, Tex.Civ. App., 95 S.W.2d 1342; Swift & Co. v. Eanes, Tex.Civ.App., 92 S.W.2d 522."

We are of the view that appellant was entitled to an affirmative submission of the issues of contributory negligence on the part of appellee, particularly the failure of appellee to see the approaching automobile in time to have warned the motorman who was operating the handcar in time for him to have stopped the handcar before it reached the public road crossing and collided with the automobile driven by Allcorn. The testimony raised this issue. See Searfoss v. Lehigh Valley R. Co., 2 Cir., 76 F.2d 762; International & G. N. R. Co. v. Tisdale, 36 Tex.Civ.App. 174, 81 S.W. 347; Edmiston v. Texas & N. O. R. R. Co., Tex.Civ.App., 111 S.W.2d 848; Id., 135 Tex. 67, 138 S.W.2d 526.

Under the provisions of the Federal Employers' Act, 45 U.S.C.A. § 53, contributory negligence on the part of an employe does not bar recovery but simply requires that the damages shall be diminished by the jury in proportionate amount to negligence attributable to such employe. Seaboard Air Line Ry. Co. v. Tilghman, 237 U.S. 499, 35 S.Ct. 653, 59 L.Ed. 1069.

If on another trial this issue is raised by the pleadings and evidence, the trial judge should submit the issue to the jury with proper instructions as to the diminution of damages under the Federal Rule.

Appellant further complains that the trial court erred in assuming as a matter of law that appellee had not delayed for an unreasonable length of time his attempt to repudiate the release executed by him on April 10, 1937, and in refusing to submit this issue to the jury. This suit was filed by appellee on October 3, 1938, which was almost eighteen months after the settlement was made and the release executed. The appellant requested the trial court to submit an issue to determine from the preponderance of the evidence whether appellee delayed for an unreasonable length of time before attempting to repudiate the release executed and delivered by him to the appellant on April 10, 1937. The question was determined in Galveston, H. & S. A. Ry. Co. v. Cade, 100 Tex. 37, 94 S.W. 219, and in Texas & P. Ry. Co. v. Jowers, Tex.Civ.App., 110 S.W. 946; which hold in substance that while actions to cancel or annul written contracts for fraud are not barred in law until four years after the fraud is discovered or might in the exercise of ordinary diligence have been discovered; still it is held that the right to have a contract set aside for fraud may be lost by lapse of time less than that fixed by the statute, on the ground of unreasonable delay, the courts holding that the question of whether or not the delay is unreasonable is a question of fact that should be submitted to the jury and not one of law to be determined by the court. See also Robert Hind, Ltd., v. Silva, 9 Cir., 75 F.2d 74; 7 Tex.Jur., 949.

By several propositions appellant complains of improper argument of counsel for appellee, to the jury. We think the argument was clearly improper, but since we are reversing the case upon other grounds it is not necessary to discuss it, because on another trial the argument complained of should not occur.

Other propositions of appellant have been considered and are overruled without discussion.

Judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.