# Fort Worth & Rio Grande Railway Company v. Alton Pickens.

No. 7903.  Decided June 3, 1942.
(162 S. W., 2d Series, 691.)

*McCartney & McCartney* and *J. Edward Johnson,* all of Brownwood, and *Allen & Gambill,* of Fort Worth, for plaintiff in error.

*Callaway & Callaway,* of Brownwood, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Alton Pickens, an employee of the Fort Worth & Rio Grande Railway Company, sued the company for damages for injuries sustained by him when the motor handcar on which he was riding collided with an automobile at a highway crossing. At the time of the accident plaintiff was engaged in an employment by the railroad company that brought the adjudication of his rights under the provisions of the Federal Employers' Liability Act, under the terms of which employees assume the risks incident to their employment. No authority need be cited since plaintiff apparently concedes this fact. The special issue verdict of the jury and the judgment rendered thereon by the trial court were in his favor except upon the question of assumed risk. The issue was answered in the company's favor but the trial court failed to give effect to it. The Court of Civil Appeals reversed and remanded the cause on account of the trial court's refusal to submit an alleged issue of sole proximate cause. See opinion of the Court of Civil Appeals for full statement of the case. 153 S. W. (2d) 252.

■ The first assignment of error in the company's application for the writ alleges that the courts below erred in refusing to render judgment in its favor because the evidence shows that plaintiff released and compromised his cause of action, if any, against it. We agree with the Court of Civil Appeals that the evidence raised and supports the jury's findings upon which the release was set aside. See opinion of the Court of Civil Appeals on this point and cases there cited; also the recent opinion of this Court in Graves v. Hartford Accident & Indemnity Co. (Com. App.), 138 Texas 589, 161 S. W. (2d) 464. The assignment is overruled.

■ The next assignment complains of the action of the Court of Civil Appeals in refusing to render judgment for the company "in view of the unchallenged finding of the jury that the injuries sustained by plaintiff arose from risks ordinarily incident to the employment in which he was engaged." The Court of Civil Appeals does not discuss the question further than to say "there was an issue of fact as to whether appellee (plaintiff) assumed the risk from which the injuries * * * resulted"; and that "issues of assumed risk were submitted to the jury

in a somewhat confused manner." We cannot agree that the record discloses any confusion with respect to the submission of the issue. The following special issue was submitted to the jury and answered in the affirmative:

"Do you find from a preponderance of the evidence that the injuries, if any, sustained by the plaintiff, Pickens, on the occasion in question, arose from risks ordinarily incident to the employment in which he was engaged?"

Inasmuch as plaintiff neither objected to the submission of the issue nor challenged the finding in response thereto, he is bound by the affirmative answer against him. Rosenthal Dry Goods Co. v. Hillebrandt (Com. App.), 7 S. W. (2d) 521; Consolidated Underwriters v. Strahand, 82 S. W. (2d) 1058.

■ It is unnecessary to pass upon the remaining assignments. The finding that plaintiff's injuries arose from the risks ordinarily incident to his employment was determinative of the case upon a fact basis. See 45 USCA, No. 11, sec. 54, p. 436; C. R. I. & G. Co. v. DeBord, 109 Texas 20, 192 S. W. 767; B. & O. R. Co. v. Baugh, 149 U. S. 368; 37 L. Ed. 772; Elliot on Railroads, Vol. 4, sec. 1849. The trial court should have rendered judgment in favor of the company upon the assumed risk finding, and the Court of Civil Appeals erred in not so holding and in not rendering judgment in favor of defendant instead of reversing and remanding the cause. Its judgment is therefore reversed and the judgments below set aside, and judgment is here rendered for the company.

Opinion adopted by the Supreme Court June 3, 1942.