## BEE–HIVE LODGE NO. 105 v. DURHAM.

### No. 15389.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 28, 1952.

Rehearing Denied Dec. 26, 1952.

Crunk & Morgan, of Greenville, for appellant.

G. C. Harris, of Greenville, for appellee.

EARL P. HALL, Chief Justice.

Appellant, Bee-Hive Lodge No. 105, a colored private corporation, instituted this suit against appellee, M. S. Durham, in a district court of Hunt County, in the nature of trespass to try title, and seeking

to cancel a written lease which appellant executed to appellee during the year 1946.

Appellee, by way of answer denied all allegations contained in appellant's petition and further plead laches, stale demand and estoppel on the part of appellant.

Trial was to a jury and upon appellee's motion the trial court instructed a verdict in his favor.

Appellant's first five points are addressed to error of the trial court in directing a verdict in favor of appellee, on the ground that each and all of the ultimate and controlling issues raised by the pleadings were amply supported by the evidence offered on behalf of appellant.

■ In discussing this legal question, we will discard all adverse evidence and give credit to all evidence favorable to plaintiff, as well as indulge every legitimate conclusion favorable to plaintiff which can be drawn from the facts proved.

There were no findings of fact and conclusions of law filed. By a full examination of the record, we find testimony introduced in behalf of appellant, which we must consider as true, substantially as follows: That appellant, through its officers had agreed to execute a five year lease on the lot in question, to-wit: Situated in the City of Greenville in Hunt County, Texas, out of the J. Gillespie Survey, fronting 46 feet on the west side of South Johnson Street and running west from the west line of Johnson Street 58 feet, and being a lot 46 feet by 58 feet; that appellee was authorized to reduce the agreement to writing and afterwards he brought a written instrument before a regular meeting of the Lodge for signatures, whereupon appellant's duly authorized officers executed same without reading it. It was not discovered until June, 1948, that the instrument which was actually executed upon the lot in question provided for a ten year lease, with a renewal option for an additional ten year term. That Durham was a member of the Lodge all of this time and had been for eight years prior to 1946; he was a regular attendant at the Lodge during those years. He had served the Lodge as an attorney in one or

two matters, he was a member of the leasing committee of the Lodge to lease this particular tract of land. He made the report back to the Lodge on July 5, 1946, that he, M. S. Durham, would take the east half of the lot for five years at $50 per year. That the Lodge accepted the report of this committee as given by Durham and that night voted for approval of the five year lease to appellee. Both appellant's secretary and treasurer, who signed the disputed document, testified they signed it without first reading the contents of the lease because of the trust and confidence they had in appellee, who was a fellow lodge member, which testimony was withdrawn from the jury.

■■ We believe the above testimony raises an issue of fact as to whether there was a fiduciary relationship existing between the parties which would excuse officers of appellant from reading the lease in question at the time they executed same. We find this because appellee's being a member of the committee to whom appellant had entrusted the power to lease the land in question, the officers of appellant had a right to rely upon his acts and conduct in correctly preparing a lease. See 7 Tex.Jur., p. 902, sec. 13, pp. 920–921, sec. 23.

■ Appellee was present at the time the lease was voted on as well as at the time the same was executed and it is an issue of fact (1) as to whether the Lodge in regular meeting in June, 1946, voted to lease the property in question to appellee for five years or ten years, with a ten year option; (2) whether the leasing committee headed by Durham reported back to the next regular meeting that Durham would lease the lot for a five year term; (3) whether the Lodge voted its approval of the five year lease to appellee; (4) whether or not the Lodge officials who signed for the Lodge were excused under the circumstances from reading the terms and provisions before signing; (5) whether or not the Lodge officials should have discovered by the use of reasonable diligence the substituted ten year lease prior to the middle of the year 1948, the year in which they did discover same.

Appellee did not plead the two year or four year statutes of limitation. Vernon's Ann.Civ.St. arts. 5526, 5529. The law suit was filed in 1951. Appellee contends that the trial court did not err in granting an instructed verdict against appellant because of the fact it waited three years before filing the law suit after it had discovered the alleged fraud which appellee had perpetrated against it.

■ It has been held many times that laches is a question of fact and that the defendant has the burden of proving same. See McCord v. Bailey, Tex.Civ.App., 200 S.W.2d 885; Arrington v. Cleveland, Tex. Civ.App., 242 S.W.2d 400, writ ref.; Fruth v. Gaston, Tex.Civ.App., 187 S.W.2d 581; 27 Tex.Jur., p. 33, sec. 16, Laches and Stale Demands.

■ Appellee contends in his brief that he plead the two year statute of limitation and the four year statute of limitation, but we find that he did not do so. We have read very carefully his first amended original answer, upon which he went to trial, covering seven pages, and fail to find such pleadings. In his motion for instructed verdict, however, he suggests to the court as grounds for sustaining same that the two year and four year statutes would apply. We find this statement is not in the form of a pleading.

■ Appellee further contends that the trial court's judgment should stand because his evidence introduced is so convincing that the average mind could not run to the contrary. It is the law, however, that upon disputed facts the issue shall be submitted to the trier of the facts for consideration and determination. The most that can be said in behalf of appellee's testimony is that it preponderates that of appellant.

■ Appellee also contends that the judgment should stand because he has erected valuable improvements on the lot in question and he would not have done so if the lease had only been for five years. If, as found by the jury, that the lease was only for five years and it did not provide for permission to remove permanent improvements, then in that event other issues may be submitted to the jury which will

protect appellee, according to the provisions of Articles 7393 and 7394, Vernon's Ann.Tex.Civ.St.

We find the above facts will not support the trial court's action in instructing a verdict against appellant in favor of appellee. The case is reversed and remanded for trial.