BANK OF THE SOUTHWEST NATIONAL ASSOCIATION, Appellant,

v.

Anita J. LA GASSE et vir, Appellees.

No. 13364.

Court of Civil Appeals of Texas.

Houston.

Feb. 12, 1959.

Rehearing Denied March 5, 1959.

Fulbright, Crooker, Freeman, Bates & Jaworski, Austin, C. Wilson, Houston, for appellant.

Fred W. Moore, Houston, for appellees.

WERLEIN, Justice.

This is an appeal by the Bank of the Southwest National Association, Houston, from an order of the District Court of Harris County, granting appellees, Anita J. LaGasse and husband, Delphis A. La-Gasse, a temporary injunction enjoining appellant from exercising during the pendency of this suit its power of sale under the deed of trust executed by appellees covering Lots 12, 13 and 14, on South Main Street, in Section 1A of Block 9, Braeswood Addition in Houston, Harris County, Texas.

In December of 1954 appellees purchased the property in question from appellant for the sum of $300,000, of which $25,000 was paid in cash and the balance was evidenced by appellees' promissory note in the sum of $275,000, bearing interest at 4% per annum, payable in installments of $1,500 per month and secured by a vendor's lien and deed of trust lien upon said property. At the time appellees filed their suit, the

note was delinquent since interest and principal had not been paid beyond April 1, 1957. On July 12, 1958, 'appellant posted notices of sale.

The present suit was filed by appellees on July 10, 1958, two days before appellant posted its notices of sale under said deed of trust, seeking a rescission of the transaction and cancellation of the note and deed of trust, and, in the alternative, $140,000 damages, and also praying for a temporary injunction. In their first supplemental petition they prayed that the substitute trustee appointed by appellant be restrained from proceeding with the trustee's sale.

Appellees alleged that appellant through its vice president and manager of its Real Estate Department, one Mr. Richards, had made false representations which induced appellees to purchase the property in question. It was alleged, among other things, that Mr. Richards falsely and fraudulently represented to appellee, Mrs. LaGasse, that the property in question had cost the bank $300,000 and the bank would sell it for the exact amount it cost; that the income from the property would be enough to take care of the payments on the note; that the property had been appraised just before the bank bought it, and he had the appraisal showing it was worth $300,000 and that the bank would not have bought the property for that amount if it was not worth it; that it would not be necessary for her to have a title guarantee policy since the bank would guarantee the title; that she could sell the property at a profit; that it was not necessary for her to have an attorney to represent her; and that the buildings on the lots were air conditioned.

On the injunction hearing there was evidence that Mr. LaGasse was about 70 years of age and had no personal contact with the matter but relied upon his wife entirely and upon Richards' statements to her; that Mrs. LaGasse advised Richards that she had never been involved in a deal of that size, and that he told her that the bank paid $300,000 for the property and was sell-

ing it at cost. There was also evidence that Mrs. LaGasse asked Richards to recommend an attorney, and he replied that the bank had attorneys and that they would take care of everything; that he advised her when inquiry was made of him, that the bank would guarantee the title, and further that Mr. Richards said it was unnecessary for her to have the property surveyed. Mrs. LaGasse testified that she relied on the representations made by Mr. Richards and otherwise would not have purchased the property.

There was evidence that appellant entered into an agreement on February 18, 1954, to sell its building located at the corner of Main and Rusk, Houston, to South Coast Life Insurance Company for $4,000,000, of which $3,700,000 was paid in cash and $300,000 was represented by conveyance to appellant of the property in question. Mr. Stirton, a well qualified expert on values, testified that at the time of the sale from appellant to appellees the property had a market value of only $180,000. Mrs. LaGasse testified that she had tried to sell the property subsequent to December, 1954, and was never able to get an offer of more than $150,000 for it. There was evidence that the South Coast Life Insurance Company bought the property in 1953 for $157,500 and that Mr. Richards himself, in January of 1954, filed an appraisal showing the value of the property in question to be $226,102.

Appellant asserts in its first Point that the Court erred in granting a temporary injunction for the reason that appellees, by retention of the benefits of the transaction for more than 3½ years, have waived whatever rights, if any, they ever had to rescission and are relegated to an action at law for damages.

It is undisputed that appellees purchased the property in 1954 and the present suit was not filed until July 10, 1958. Appellee, Mrs. LaGasse, testified, however, that she did not come to the conclusion that she had been defrauded until January of 1958.

It is further undisputed that the appellees have enjoyed possession, use and occupancy of said premises and revenues therefrom, and that prior to filing suit they had made several efforts to either sell or otherwise deal with the property. Appellant relies on several cases which involve fraud, inducing the purchase of personal property, in which the courts have held that the plaintiff could not obtain rescission after having elected to use the property subsequent to learning of the fraud. Such cases have little bearing upon rescission involving the sale of real property. It also relies on the case of Winters v. Coward, 174 S.W. 940, decided by the San Antonio Court of Civil Appeals, in which case the Court held that the right of rescission can be lost by unreasonable delay in instituting suit, after the discovery of fraud, or it can be lost by exercising acts of ownership over the property, contracting with the vendor in regard to it, or in the use and occupancy of it, after the fraud is known to exist, and that the lapse of time which might destroy the right of rescission may be less than that fixed by statutes of limitation. In the Winters case the parties seeking rescission had for 3 years treated the land as their own, improving, using and enjoying it. The Court stated that the evidence of appellees totally failed to make out a case of rescission, but all of it tended to show that there was no intention or desire on the part of appellees to rescind.

Without undertaking to pass upon the merits of the present case, we think it is distinguishable from the Winters case in that only some six or seven months elapsed between the alleged discovery of the fraud and the filing of suit, and such delay was caused by appellees trying to work out some deal in consultation with appellant. Moreover, appellees' pleadings and evidence clearly show that there is an intention and desire on the part of appellees to rescind.

Appellees contend that their suit for rescission and cancellation is controlled by Article 5529, Revised Civil Statutes of Texas, which provides for a four year period of limitation, so that their action would not be barred by either laches or limitation until December 24, 1958. They also assert that it is a question for the jury to decide whether they were reasonably diligent in discovering the fraud and whether or not their delay in filing suit was unreasonable, such issues involving questions of fact and not of law. Further, they say that their delay in bringing suit should be excused because of their numerous unsuccessful attempts to adjust the differences between the parties and bring about a sale of the property in accordance with the representations of appellant's officers.

In Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167, 170, opinion by Hickman, Commissioner, adopted by the Supreme Court, it is stated:

"It is the general rule that under our blended system, where both law and equity are administered by the same court, statutes of limitation apply to equitable actions the same as to legal actions. Turner v. Hunt, 131 Tex. 492, 116 S.W.2d 688, 117 A.L.R. 1066; Hendricks v. Martin, Tex.Civ.App., 267 S.W. 1047; Huggins v. Johnston, Tex.Civ.App., 3 S.W.2d 937; 27 Tex. Jur. p. 24, Sec. 7. However, it is conceivable that the circumstances of a given case might be so extraordinary that to deny a defendant the defense of laches would work a grave injustice. In that situation it has been held that such defense may not be precluded even though the statutory period has not run. City of Corpus Christi ex rel. Harris v. Flato, Tex.Civ.App., 83 S.W.2d 433, error dismissed; 27 Tex.Jur. p. 25, Sec. 7. Conceding that to be the correct rule, then the question before us is whether or not it affirmatively appears from the allegations or petitioners' second amended original petition that such extraordinary circumstances exist in this case, as a matter of law, as would bar the action

notwithstanding the fact that the statutory period of limitation has not run."

See also Hayward v. City of Corpus Christi, Tex.Civ.App., 195 S.W.2d 995, writ ref., n. r. e.; Ebert v. Smith, Tex.Civ.App., 146 S.W.2d 432, dism., judgment correct.

■ The general rule with reference to the time within which an action for cancellation or rescission should be filed is stated in 7 Tex.Jur., p. 952, Cancellation of Instruments, Sec. 41, as follows:

"Although a suit for cancellation is not strictly speaking within the provisions of the statute of limitations, it should be governed by the analogies of the law applicable to like cases. A suit to cancel an instrument, such as a deed, for fraud is controlled by the provisions of article 5529, Revised Statutes, 1925, prescribing a four-year period of limitation."

See O'Loughlin v. Moran, Tex.Civ.App., 250 S.W. 774, writ dism., in which the Court held that the equitable defense of stale demand had no application to an action for rescission on the ground of fraud, and that in an action based upon fraud the statute began to run when the fraud was discovered or, by reasonable diligence, should have been discovered.

See Thomason v. McIntyre, 113 Tex. 220, 254 S.W. 315, in which the Supreme Court held that, "It is settled that four years— and not two years—bars a suit to cancel a conveyance for fraud."

In 27 Tex.Jur., p. 26, Laches and Stale Demands, Sec. 8, it is stated, "Equity follows the law also in determining the time from which the period of laches may be reckoned."

See Bee-Hive Lodge No. 105 v. Durham, Tex.Civ.App., 253 S.W.2d 909. See also 20–A Tex.Jur., p. 157, Fraud and Deceit, Sec. 87, where it is stated that a delay in bringing a suit to rescind and cancel may be excused on account of unsuccessful attempts to adjust the differences between the parties. In the instant case Mrs. LaGasse testified to a number of propositions which she claimed she submitted to appellant, and that the reason she did not file suit in January of 1958 when she first realized she was defrauded was that she was trying to work something out. See Advance-Rumely Thresher Co. v. Higgins, Tex.Civ. App., 279 S.W. 531, error dism.

In Fort Worth & R. G. R. Co. v. Pickens, Tex.Civ.App., 153 S.W.2d 252, reversed on other grounds 139 Tex. 181, 162 S.W.2d 691, it was held that the question as to whether or not the delay in bringing suit is unreasonable is a question of fact which should be submitted to the jury and is not one of law to be determined by the court. In the present case, we are of the opinion that it cannot be said as a matter of law there was unreasonable delay in bringing suit.

■ Appellant asserts in its second Point that the Court erred in granting a temporary injunction for the reason appellees have a complete and adequate remedy at law. It states that the bank has a capital, surplus and undivided profits of more than $25,000,000 and that the note and liens could not come into the hands of a holder in due course since past due, and that a suit for cancellation and rescission will not be tried any sooner than a suit for damages, and that a sale under the deed of trust would not preclude appellees' action for cancellation and rescission of the instruments on the ground of fraud, and that appellees could continue to assert that the entire indebtedness should be cancelled, and that a sale would have the same practical result as rescission in that title would be revested in the bank or someone holding under it. It cites Winters v. Coward, supra [174 S.W. 942], in which it is stated:

"Appellant has the right to recover his debt and have his lien foreclosed, but the amount of his judgment may be reduced by any damages that may be proved."

Appellees, on the other hand, stress the fraudulent representations made by appellant to Mrs. LaGasse, who had no knowledge of real estate values in Houston, and assert that Richards knew his representation that the property was worth $300,000 was false because he had appraised the property himself the first part of the same year at $226,102. Appellees cite the case of Bryant v. Stohn, Tex.Civ.App., 260 S.W. 2d 77, error ref. n. r. e., holding in effect that a misrepresentation of the selling price of real estate is fraudulent and actionable.

In Flusche v. Uselton, Tex.Civ.App., 201 S.W.2d 58, no writ history, the Court stated that where a seller, claiming special knowledge, makes representations as to value to one ignorant in respect of the values, which fact is known to the seller, with the intention that they should be relied on, such representations would constitute an exception to the rule that an opinion or statement as to value is not actionable. To like effect see Riggins v. Trickey, 46 Tex.Civ.App. 569, 102 S.W. 918, error ref.

In the instant case appellees have not sought to enjoin appellant from seeking a foreclosure in court. They have sought an injunction only against the holding of a trustee's sale under the powers specified in the deed of trust, pending final adjudication of the cause. See Diamond v. Hodges, Tex.Civ.App., 58 S.W.2d 187, no writ history. In Midland Building & Loan Ass'n v. Sparks Chapel Colored M. E. Church, Tex.Civ.App., 35 S.W.2d 774, 776, the Court stated:

"An issue is clearly made by the evidence that appellant Adamson, as trustee, was in process of selling the property to pay in part a usurious debt. As there is thus shown to exist a substantial controversy between the parties to this suit, as to the right of appellants to sell the property for the purposes for which such sale was attempted, the court did not err in granting the temporary writ of injunction, in order to maintain the status of the property until the final trial of the suit. City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W. 2d 271, 273."

See First Trust Joint Stock Land Bank of Chicago v. Hayes, Tex.Civ.App., 90 S.W.2d 331, no writ history, and Musso v. Lodwick, Tex.Civ.App., 217 S.W.2d 165, no writ history, in each of which cases the issuance of a temporary injunction was held necessary and proper to prevent a sale under a deed of trust so as to preserve the status quo. See 24–A Tex.Jur., p. 79, Injunctions, Sec. 42, with reference to the inadequacy or adequacy of a legal remedy.

In Davis v. Gillen, Tex.Civ.App., 227 S.W.2d 834, 841, error ref., n. r. e., the Court stated with reference to a temporary injunction:

"Thus, in Sumner v. Crawford, 91 Tex. 129, at page 132, 41 S.W. 994, at page 995, it was said: ' "It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as *practical and efficient to the ends of justice and its prompt administration* as the remedy in equity." Watson v. Sutherland, 5 Wall. 74, 18 L.Ed. 580; North v. Peters, 138 U.S. 271, 11 S.Ct. 346, 34 L.Ed. 936. In courts administering both law and equity, like ours, the rules denying injunction when there is a remedy at law should not be applied as rigidly as at common law, where the issuance of the writ in equity was to a certain extent an invasion of the jurisdiction of another tribunal.' The court reiterated this conclusion in Southwestern Telegraph & Telephone Co. v. Smithdeal, 104 Tex. 258, at page 264, 136 S.W. 1049, in discussing the adequacy of damages; and the quotation from Sumner v. Crawford states the present rule of decision. See: Brazos River Conservation & Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842; Story v. Story, 142 Tex. 212, 176 S.W.2d 925." See also Repka v.

American Nat. Ins. Co., 143 Tex. 542, 186 S.W.2d 977.

Appellant asserts that in the event appellees recover a judgment for damages, the amount recovered would merely be applied as a credit against the judgment, which would include attorney's fees, and other penalties. It relies on Winters v. Coward, supra. On the other hand, appellees contend that in case of a judgment for damages the Court, in order to do equity, would be compelled to rewrite the contract papers and the note because if the total price which appellees should have to pay is only $160,000 (assuming they recover damages of $140,000), then the amount of the note would be different, and a larger portion of the payments would be applied against the principal and a smaller portion against interest, which would change the accounting between the parties and result in appellees not being in default and hence not liable for the penalty interest of 10% and attorney's fees.

Without deciding the point, we are of the opinion that appellees' legal remedy is not as plain and adequate, or, in any event, it is not as "practical and efficient to the ends of justice and its prompt administration as the remedy in equity." In the event of rescission and cancellation of the instruments, attorney's fees and penalties would not be chargeable to appellees and both parties would be restored to their former positions.

■■ Appellant, in its third Point, asserts that appellees failed to show any right entitling them to preservation of the status quo and that a balancing of the equities of the parties would require appellees be denied the injunction granted. We do not agree. If the deed of trust sale was not enjoined, the property might well be bought in for much less than its real value, and in such event a huge deficiency judgment might be saddled on appellees even though they were awarded under their alternative prayer $140,000 damages. On the other hand, appellant

is well protected by appellees' bond in the sum of $125,000. Even if we assume that penalty interest and revenues from the property might amount to as much as $30,000 per year and that the case will not be disposed of in less than two or three years, and that appellant will ultimately recover, still appellant is adequately protected. We do not agree with appellees, however, that the bond should be reduced, and we overrule their Cross-Point complaining that the amount of the bond which the Trial Court fixed is excessive.

■ It is well settled that in determining whether the Trial Court erred in granting a temporary injunction, the sole question is whether the Court abused its discretion. 24–A Tex.Jur. 382, Injunctions, Sec. 265. Numerous cases are cited in support of the rule.

In Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, 823, error ref., n. r. e., the Court stated:

"The granting or refusing of a temporary injunction is within the sound discretion of the trial court and its action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964."

See also 24–A Tex.Jur. p. 389, Injunctions, Sec. 265, where it is stated: "While the discretion of the trial judge may be reviewed, discretion may not be exercised by the appellate court."

In the present case fraud is the gravamen of the complaint. Appellees have pleaded a cause of action for rescission and cancellation and, in the alternative, for damages. The proof has raised issues of fact as to whether appellees are entitled to rescission. In balancing the equities between the parties, we are of the opinion that appellant is adequately protected by appellees' bond and that the temporary injunction will not deprive appellant of any

benefits that it might show itself entitled to, whereas a dissolution of such injunction might place appellees in a position where they could lose benefits that otherwise might accrue to them. We have concluded that there is nothing in the record that manifests such an abuse of discretion upon the part of the Trial Court in granting the injunction maintaining the status quo pending final adjudication of the cause, as would require this Court to revise that ruling and reverse the Trial Court's judgment.

Appellant's Points of Error are overruled and the judgment of the Trial Court is affirmed.